THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOBBIE RYAN, a/k/a Barbara F. Ryan, Defendant-Appellant.

First District (5th Division)    No. 79-2019

Opinion filed June 26, 1981.—Rehearing denied July 24, 1981.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and William J. Merritt, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Following a jury trial, defendant was convicted of murder (Ill. Rev. Stat. 1977, ch. 38, par. 9—1) and aggravated arson (Ill. Rev. Stat. 1977, ch. 38, par. 20—1.1(a)). She was sentenced concurrently to 22 years for murder and 8 years for aggravated arson. The only issue she presents on appeal is that the trial court erred when it refused to give the jury an instruction on criminal damage to property. A full recitation of the facts is, therefore, not necessary and only those facts pertinent to this issue will be discussed.

On June 3, 1978, Peter Hoban was found dead from carbon monoxide in his townhouse. Testimony at trial established that the townhouse had been deliberately set aflame. In the basement there was evidence of two separate fires, and on the first floor there was evidence of three separate fires.

Officer John Eshoo testified that on a trip to Hoban's townhouse during his investigation of the homicide on June 6, 1978, he found a piece of paper with the name Bobbie and a telephone number written on it. He also found a Chicagoland register form with defendant's name and address. He proceeded to defendant's address and interviewed her, but she told him that she had never met Hoban, although she had spoken to him regarding a future date. The officer noticed some keys in her apartment that looked similar to the keys he used to get into Hoban's apartment, whereupon he asked defendant if she would accompany him and his partner to Hoban's apartment. He tried the keys, found in defendant's apartment, and opened Hoban's front door and then used the foreign auto key on the ring to start Hoban's automobile. He returned to the squad car and informed defendant that she was under arrest for the murder of Hoban.

Willie Green, defendant's boyfriend, testified that he was residing with her on June 2, 1978. He stated that when defendant returned home in the early hours of June 3, 1978, she solicited his help in bringing some items upstairs from a blue Mercury Cougar. He was arrested on June 7, 1978, while driving the Mercury Cougar, whereupon he was interviewed by the police and then took them to Bobbie Ryan's apartment, where he identified the items that he brought from the automobile on June 3, 1978.

Defendant testified that she had talked with Hoban on June 2, 1978, after receiving a message from the Chicagoland Register Dating Service that he was interested in meeting her. She arranged to visit his apartment later that day and arrived there at approximately 8 p.m. They talked and had several drinks together. At about 10:30 p.m. he told her that he had to leave the apartment to take care of some business but she could remain. Upon his return, he told her that they were going to go down to Rush Street to meet a friend for dinner. They left in his car, drove around for approximately 1½ hours and then returned to his apartment.

Defendant stated that Hoban went upstairs and she went to the bathroom on the top floor. When she came out, she observed him sitting on his bed naked, and he asked her to sit next to him. As they were sitting on the bed, he began struggling with her, ripping some of her clothing. After a few minutes, he rolled over and fell asleep. She got up and went downstairs, where she telephoned a friend and then returned upstairs to see if Hoban was still asleep. She decided to remove certain property from his apartment and to light fires with papers on the living room

carpet and in the basement, as she wanted to get back at him, but did not want to hurt him physically. She testified that she lit the fires on the carpets as she knew that they would not burn. She left his residence in his car and returned to her apartment. She solicited her boyfriend's help in carrying the property she had taken from Hoban's apartment into her apartment.

She further testified that she talked with Investigator John Eshoo in regard to the death of Peter Hoban on June 5 and initially did not tell him the truth about the homicide. Later at the police station, she gave the officers the same statement concerning the incident as she did, in writing, to the State's Attorney's Office.

On cross-examination, defendant testified that Hoban was drunk; that she considered driving with him to be dangerous and when they returned to his apartment she had to help him upstairs. She also indicated that when she lit the pieces of paper with a match, she was aware of what she was doing but thought that all of the carpeting in the house was fire retardant.

At the jury instruction conference, defense counsel requested that the court instruct the jury on the issues and elements of criminal damage to property, but the court declined the request. This appeal follows.

OPINION

Defendant argues that she was deprived of a fair trial when the court refused to instruct the jury on the definition and elements of criminal damage to property. It is her contention that she did not possess the requisite mental state for aggravated arson, as evidenced by her testimony, thus necessitating that the court instruct the jury on criminal damage to property in addition to the instructions on murder, felony-murder and aggravated arson. We disagree.

■■ "It is a well-settled rule that if there is any evidence in the record which, if believed by the jury, would reduce the crime to a lesser included offense, an instruction defining the lesser offense should be given." *People v. Willis* (1977), 50 Ill. App. 3d 487, 490, 365 N.E.2d 300; *People v. De La Fuente* (1981), 92 Ill. App. 3d 525, 414 N.E.2d 1355.

The Illinois statute defines aggravated arson as follows:

"A person commits aggravated arson when by means of fire or explosive he knowingly damages, partially or totally, any building or structure, * * * in which he knows or has reason to know one or more persons is present and such person or persons, * * * is injured as a result of the fire or explosion." (Ill. Rev. Stat. 1977, ch. 38, par. 20—1.1(a).)

Criminal damage to property is accomplished when a person "[r]eck-

lessly by means of fire or explosive damages property of another." Ill. Rev. Stat. 1977, ch. 38, par. 21—1(b).

To sustain a conviction for a lesser included offense on an indictment for the greater offense, *all* of the elements of the lesser offense must be included within the greater. (*People v. Russell* (1972), 4 Ill. App. 3d 26, 280 N.E.2d 288.) Recklessness is an element of criminal damage to property and is defined as a conscious disregard of a substantial and unjustifiable risk that circumstances exist or that a result will follow. (Ill. Rev. Stat. 1977, ch. 38, par. 4—6.) Recklessness is not an element of aggravated arson which requires a "knowingly" or intentional act defined as where a person "is consciously aware that such result is practically certain to be caused by his conduct." Ill. Rev. Stat. 1977, ch. 38, par. 4—5(b).

■■ Defendant's own testimony at trial clearly establishes the elements of aggravated arson and not criminal damage to property. She stated that she intentionally set several fires in Hoban's apartment, with a conscious awareness that she would damage his property and with a conscious awareness that he was asleep upstairs in the bedroom. As such, the record is void of any evidence which establishes mere "recklessness," and therefore, there was no reason for the court to give a jury instruction on criminal damage to property.

Defendant's reliance on *People v. Willis* is inapplicable here. In *Willis*, defendant was charged with the offense of armed robbery; however, at trial he testified that he did not have a handgun on his person. The court refused to give the instruction on the lesser included offense of robbery and we reversed finding that the trial court erred in refusing the tendered robbery instruction. We held that a defendant in a criminal case is entitled to have the jury consider any legally recognized defense which has some foundation in the evidence, however tenuous. (50 Ill. App. 3d 487, 491.) In the present matter, there is no evidentiary foundation whatsoever to support an instruction on criminal damage.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.