UNITED STATES of America ex rel.
Bobbie RYAN, Petitioner,

v.

Jane HUCK, Warden, Dwight Correction-
al Center, and Michael Lane, Director,
Illinois Department of Corrections, Re-
spondents.

No. 83 C 4791.

United States District Court,
N.D. Illinois, E.D.

Jan. 6, 1984.

Scott Graham, Asst. Appellate Defender, Chicago, Ill., for petitioner.

Neil F. Hartigan, Atty. Gen., State of Ill., by Ellen M. Flaum, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM ORDER

BUA, District Judge.

Following a jury trial in the Circuit Court of Cook County, Bobbie Ryan was convicted of aggravated arson and murder. The Illinois Appellate Court affirmed the conviction. *People v. Ryan,* 97 Ill.App.3d 1071, 53 Ill.Dec. 607, 424 N.E.2d 20 (1st Dist.1981). Leave to appeal was denied by Illinois Supreme Court.

Ryan filed this petition for a writ of habeas corpus claiming that the trial court denied her due process of law and the right to a jury trial by refusing to instruct the jury on the lesser included offense of criminal damage to property. Presently before the Court are Ryan's and the State's cross motions for summary judgment. Jurisdiction is invoked pursuant to 28 U.S.C. § 2254. For the reasons stated below, Ryan's motion for summary judgment is denied and the State's motion for summary judgment is granted.

## I. FACTS [1]

On June 3, 1978, Peter Hoban was found dead from carbon monoxide poisoning in

1. The factual background of the case is set out · fully in the Illinois Appellate Court's opinion at

his townhouse. In the basement there was evidence establishing that two separate fires had been deliberately set. On the first floor there was evidence of three separate fires, also deliberately set.

Ryan testified in her defense at trial. Through a dating service, Ryan arranged to visit Hoban at his townhouse on the evening of June 2, 1978. Arriving at about 8:00 p.m., Ryan visited with Hoban for several hours. Later in the evening, Hoban became intoxicated and made several unsolicited sexual advances toward Ryan. After a brief struggle, however, Hoban fell asleep in his bedroom located on the second floor of the townhouse.

While Hoban slept, Ryan went downstairs and removed some of Hoban's property from the townhouse. Ryan testified that she removed Hoban's property because she wanted to hurt Hoban financially, but not physically. Ryan then crumbled up some newspapers, placed them near a couch in the first floor living room and set the papers on fire. Ryan went downstairs to the basement, crumbled up more papers, placed them on a couch and set the papers on fire. Although Ryan realized that setting fires in a furnished house was dangerous, Ryan testified that she did not believe the carpet would "form a blaze and burn up a building...." (R. 420).[2] After Ryan left Hoban's townhouse, the fires set by Ryan spread and caused the death of Hoban.

At the conclusion of the trial, the trial court instructed the jury on the offenses of murder, voluntary manslaughter, involuntary manslaughter, and aggravated arson. Despite the defendant's request, the court refused to instruct the jury on the offense of criminal damage to property. The Illinois Appellate Court concluded that the trial court's decision to refuse the criminal damage to property instruction was proper under Illinois law. The court reasoned that "[d]efendant's own testimony at trial clearly establishes the elements of aggravated arson and not criminal damage to property." *People v. Ryan,* 97 Ill.App.3d 1071, 1074, 53 Ill.Dec. 607, 424 N.E.2d 20 (1st Dist.1981).

## II. DISCUSSION

 Generally, the failure of a state court to instruct the jury on a lesser included offense does not raise a constitutional question and will not be considered in a federal habeas corpus proceeding. *U.S. ex rel. Peery v. Sielaff,* 615 F.2d 402, 404 (7th Cir.1979). In this case, whether the trial court's decision was correct under Illinois law is not an issue properly before this Court on a habeas corpus petition. *Carbajol v. Fairman,* 700 F.2d 397, 401 (7th Cir.1983). The failure to instruct on a lesser included offense may, however, warrant setting aside a state conviction if the "failure to give the instruction could be said to have amounted to a fundamental miscarriage of justice" likely to result in the conviction of an innocent person. *Nichols v. Gagnon,* 710 F.2d 1267, 1269 (7th Cir. 1983) (*quoting Peery,* 615 F.2d at 404). By raising this issue in a federal habeas corpus petition, the burden upon Ryan is "especially heavy." *Peery,* 615 F.2d at 404 (*quoting Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977). Based upon a review of the trial court record, this Court holds that the trial court's failure to instruct the jury on the offense of criminal damage to property did not amount to a "fundamental miscarriage of justice" and clearly did not result in the conviction of an innocent person. *See Nichols,* 710 F.2d at 1269.

*People v. Ryan,* 97 Ill.App.3d 1071, 53 Ill.Dec. 607, 424 N.E.2d 20 (1st Dist.1981). Only facts pertinent to the constitutional issues are mentioned here.

**2.** R.____ refers to the trial transcript in *People v. Ryan,* No. 78–I–3608 (Criminal Court, Cook Co., Ill. Apr. 20, 1979). Notwithstanding Ryan's assertion to the contrary, Ryan's testimony does not indicate that she believed that the couch would not burn. At best, Ryan's testimony on this point is ambiguous. On cross-examination Ryan was asked:

 Q Now, you know, do you not, that a uphol-stered furniture (sic) can burn?

 A Some can, yes.

(R.467).

It is undisputed that Ryan intentionally set at least two fires in Hoban's townhouse with a conscious awareness that Hoban was asleep upstairs in the bedroom. What is disputed is whether Ryan intended to damage only the couch and carpet by means of fire (arguably warranting a criminal damage to property instruction) or whether Ryan "knowingly" damaged the townhouse by fire (warranting an aggravated arson instruction).[3] Notably, an aggravated arson conviction, unlike a criminal damage to property conviction, is a felony, and in a case in which death results, can provide the basis for a felony murder conviction. Ryan argues that had the jury been afforded the opportunity to convict her of criminal damage to property (a misdemeanor), she would not have been convicted of murder under the felony murder theory.

Even assuming *arguendo* that Ryan's testimony created a jury question under Illinois law on the criminal damage to property offense, it cannot be said that the trial court's failure to instruct the jury on that offense amounted to a "fundamental miscarriage of justice" likely to result in the conviction of an innocent person. The testimony offered by Ryan at trial suggesting that she acted "recklessly" and not "knowingly" by setting the townhouse on fire was not so "unequivocally strong" as to warrant setting aside her conviction. *See U.S. ex rel Peery v. Sielaff,* 615 F.2d 402, 404 (7th Cir.1979). The only evidence at trial suggesting that Ryan acted "recklessly" was her testimony that she believed Hoban's carpet was flame retardant and that setting papers on fire and placing them on the carpet would not result in the fire spreading to the townhouse. In contrast, the overwhelming weight of the evidence presented at the trial indicates that Ryan "knowingly" set fire to the townhouse. Ryan admitted setting two fires: one near a couch and one on a couch. She realized that upholstered furniture is flammable and that setting fires in a house containing upholstered furniture presented a risk of the fire spreading to other areas of the house. Ryan also realized the risk of persons dying from smoke inhalation when fires are set in a house. On balance, any evidence that Ryan acted "recklessly" by setting the fires was slight when compared to the overwhelming evidence establishing that Ryan "knowingly" set fire to the townhouse. In any event, the evidence of "recklessness" was not so "unequivocally strong" that failure to give the criminal damage to property instruction could be said to have amounted to a "fundamental miscarriage of justice." *Peery,* 615 F.2d at 404.

Furthermore, the jury was instructed on the lesser included offense of involuntary manslaughter. That verdict was proper if Ryan "recklessly" caused the death of Hoban. The fact that the jury returned a verdict of murder, and not involuntary manslaughter, indicates the jury's rejection of the defense theory that Ryan acted recklessly.

In sum, this Court does not review the question of whether, under Illinois law, a criminal damage to property instruction was warranted. The Illinois Appellate Court concluded that it was not. This Court's inquiry is limited to determining whether the trial court's failure to give the lesser included instruction amounted to a "fundamental miscarriage of justice" likely to convict an innocent person. Based upon a review of the trial court record, Ryan has failed to sustain her "especially heavy" burden of establishing constitutional error. *Nichols v. Gagnon,* 710 F.2d 1267, 1269 (7th Cir.1983).

## CONCLUSION

For the reasons stated above, Ryan's motion for summary judgment is denied and the State's motion for summary judgment

---

**3.** Under Illinois law, a person acts "knowingly" or "with knowledge" when he is consciously aware of the nature of his conduct or consciously aware that a result is practically certain to be caused by his conduct. Ill.Rev.Stat. ch. 38,

§ 4–5. A person acts "recklessly" when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow. Ill.Rev.Stat. ch. 38, § 4–6.

is granted. Accordingly, the petition for a writ of habeas corpus is hereby dismissed.

IT IS SO ORDERED.