THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LINDA BRADLEY, Defendant-Appellant.

First District (6th Division)  No. 1—92—0933

Opinion filed November 5, 1993.

Rita A. Fry, Public Defender, of Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Linda Woloshin, and Karen Iwasaki, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Linda Bradley, was charged with two counts of aggravated arson. After a jury trial, defendant was found guilty of both counts of that crime. She was sentenced to concurrent terms of eight years. On appeal, defendant contends that the trial court erred in refusing to give the jury an instruction on the crime of criminal damage to property. She also contends that her conviction on the second count of aggravated arson must be vacated.

On July 28, 1990, at approximately 3 a.m., the second- floor apartment of a building located at 339 South Trumbull in Chicago was set on fire. The apartment was rented to Jack Lewis, defendant's boyfriend, who resided there with his two sons, Kevin and Antoine, and defendant.

Antoine Lewis testified for the State that he was awakened by his father and immediately noticed the presence of smoke in the apartment. He saw that the fire was coming from the bedroom normally occupied by defendant and his father. The mattress was on fire. Antoine slept in the back bedroom. Defendant was not in the apartment at the time. When Antoine attempted to escape, his upper back and shoulder blades were burned. Antoine and his father dragged the burning mattress from the bedroom out of the building.

Lieutenant Walter Burke of the Chicago fire department's office of fire investigation testified for the State as an expert on the cause and origin of fire. The fire resulted from someone igniting the mattress with an open flame. The fire was not accidental.

Detective Lawrence Gates of the bomb and arson unit testified for the State that the mattress had been ignited by an open flame and that the fire was not caused by accidental means.

On August 1, 1990, Gates interviewed defendant at the police station. He asked her how the fire started. Defendant replied that she had been smoking and she may have dropped a cigarette and that might have started the fire. She was struggling with Jack Lewis at the time. Gates replied that if a cigarette had fallen onto a bed and had been there for a short time, it would not have started the flaming fire that occurred here. Gates then left the interview room for about 20 minutes. When he returned, defendant told him that she wanted to tell the truth. Defendant was angry with Jack Lewis, and she started the bed on fire with a cigarette lighter. Defendant also gave a written statement to an assistant State's Attorney admitting that she deliberately set the fire. A supplementary report prepared by Gates recited that defendant was struggling with Lewis when a cigarette fell.

After the State rested, the defendant offered no witnesses and rested. During the jury instruction conference, defendant's counsel requested that while defendant was charged with aggravated arson, the jury also be instructed on the lesser-included offense of criminal damage to property. The trial judge reserved his ruling on the request, but subsequently refused to instruct on criminal damage to property because there was no evidence of recklessness. The jury found defendant guilty of both counts of aggravated arson, and the trial judge sentenced her to concurrent terms of eight years.

On appeal, defendant contends that the trial court erred in failing to instruct the jury on the lesser-included offense of criminal damage to property.

The statute defines aggravated arson as follows:

"A person commits aggravated arson when in the course of committing arson he knowingly damages, partially or totally, any building or structure, including any adjacent building or structure, and (1) he knows or reasonably should know that one or more persons are present therein ***." Ill. Rev. Stat. 1989, ch. 38, par. 20—1.1(a)(1).

Criminal damage to property occurs when a person "recklessly by means of fire or explosive damages property of another." Ill. Rev. Stat. 1989, ch. 38, par. 21—1(1)(b).

If there is any evidence in the record which, if believed by the jury, would reduce the crime to a lesser-included offense, an instruction defining the lesser offense should be given. (*People v. De La Fuente* (1981), 92 Ill. App. 3d 525, 414 N.E.2d 1355.) The trial court should give such an instruction where there is even slight evidence which, if believed by the jury, would reduce the crime to the lesser-included one. (*People v. Upton* (1992), 230 Ill. App. 3d 365, 595 N.E.2d 56.) In such instances, the trial judge may not weigh the evidence in deciding whether a defendant is entitled to such an instruction. *People v. Upton*, 230 Ill. App. 3d 365, 595 N.E.2d 56.

■ In the present case, defendant initially offered Detective Gates an explanation of how the fire might have been caused. She stated that she may have dropped and·not retrieved a lighted cigarette during a struggle with Jack Lewis. This statement, although subsequently recanted by defendant, could have supported a determination by the jury that defendant acted recklessly rather than knowingly or deliberately. Defendant's initial statement as to the cause of the fire entitled her to an instruction on criminal damage to property. We hold that the trial court erred in finding that there was no evidence of recklessness and in refusing to give the instruction on criminal damage to property.

The State counters with the argument that criminal damage to property is not a lesser-included offense of aggravated arson. We do not agree.

■ The statute defines an included offense as one which is established by proof of the same or less than all of the facts or a less culpable mental state (or both) than that which is required to establish the commission of the offense charged. (Ill. Rev. Stat. 1989, ch. 38, par. 2—9(a).) In *People v. Jones* (1992), 149 Ill. 2d 288, 595 N.E.2d 1071, our supreme court defined a lesser-included offense as one

composed of some, but not all, of the elements of the greater offense and does not have any elements not included in the greater offense. Thus, the offense of criminal damage to property in the present case satisfies the statutory definition of a lesser offense to aggravated arson, and it satisfies the definition set forth in *People v. Jones.*

In making the argument that criminal damage to property is not a lesser-included offense of aggravated arson, the State relies on *People v. Ryan* (1981), 97 Ill. App. 3d 1071, 424 N.E.2d 20. In that case, this court held that the trial judge correctly refused to instruct the jury on the definition and elements of criminal damage to property. However, there, defendant testified that she intentionally set several fires in the defendant's apartment with a conscious awareness that she would damage his property and an awareness that the victim was asleep in his bedroom. There was absolutely no evidence that defendant's conduct was not deliberate and knowing. Moreover, to the extent that *Ryan* suggests that criminal damage to property may not be a lesser-included offense of aggravated arson, we reject the holding. We find that defendant here was entitled to an instruction on criminal damage to property.

■ Defendant also contends that she was improperly convicted on the second count of aggravated arson. She points out that the trial judge never ruled on the State's motion to nol-pros count II, and that the jury was instructed only on the elements of aggravated arson set out in count I. The State agrees that defendant's conviction and concurrent sentence on count II should be vacated.

Accordingly, the judgment of conviction of aggravated arson as to count I is reversed, and the cause is remanded for a new trial. As to count II, defendant's conviction and current sentence are vacated.

Reversed and remanded in part; vacated in part.

RAKOWSKI and GIANNIS, JJ., concur.