THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD ALBERT RUSSELL, Defendant-Appellant.

(No. 11386;

Fourth District—March 8, 1972.

Morton Zwick, Director of Defender Project, of Chicago, (Matthew J. Moran, of counsel,) for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was found guilty in a jury trial of the offense of attempted burglary. He was sentenced to a term of not less than 1 nor more than 7 years in the Illinois State Penitentiary. This appeal is from the conviction and sentence.

The defendant contends that the trial court improperly refused to examine a juror during the trial after a prior unpleasant incident with the defendant was discovered; that the defendant was prejudiced in his choice of jury or bench trial when the offense charged was burglary rather than attempted burglary; and, finally, the defendant urges error in the giving of an instruction.

■■ At the close of the People's case, the defense attorney moved for a mistrial on the basis of certain information supplied the attorney by an onlooker that a juror, a Mr. Hutchcraft, and the defendant had been involved in an unpleasant contact at a softball game two summers before. The trial court conducted a hearing and the defendant and the onlooker who supplied the information, a Mr. Cooper, both testified. The substance of their testimony was that the defendant and the juror Hutchcraft were players on opposing softball teams. That on an occasion of a game between their respective teams, an argument started that resulted in a general fracas and trouble between all the players. Such difficulties, in fact, resulted in the termination of the game. Both Cooper and the defendant expressed the opinion that Hutchcraft could not be "fair" to the defendant. The trial court did not examine the juror and denied the motion for mistrial. It is the assertion of the defendant here that the trial court should have examined the juror and that the absence of a meaningful examination effectively denied the defendant a fair trial. We are not so persuaded.

Upon the *voir dire* examination, the juror Hutchcraft stated that he did not know the defendant, knew no reason why he could not be a fair and impartial juror, and further that if he became aware of anything during the trial that would affect his fairness, he would so inform the court or counsel. At the time of the *voir dire* examination there is no indication that the defendant recalled Hutchcraft, nor the softball game,

nor the asserted unpleasant incident. Such recollection was triggered only by the recitation of the event by Cooper.

The trial court properly conducted the indicated hearing to ascertain the factual background of the incident. Nothing was shown that would require any further examination. Nothing was shown that would in any way reasonably indicate prejudice to or denial of a fair trial for the defendant.

In *People v. Cole,* (Ill.App.2d), 271 N.E.2d 385, this court considered most of the cases urged here as warranting a new trial. We there noted that each case must be determined upon the facts peculiar to it. Nothing is here suggested that any relationship between the defendant and Hutchcraft existed which would effectively dilute the defendant's right to trial before an impartial jury.

■■ We find the contention of the defendant that he was indicted for burglary when in his judgment the charge should have been attempted burglary somehow · resulted in prejudice in his exercise of a meaningful choice of jury or bench trial to be without merit. Essentially, we are confronted with only the assertion and with no suggestion as to the basis of such prejudice nor do we perceive any.

The original two-count indictment charged burglary and possession of burglary tools. The latter count was dismissed and the trial court granted a motion of the defendant for a directed verdict as to the remaining burglary count, but in so doing specifically determined that such directed verdict should not include the lesser offense of attempted burglary. The court, on motion of the defendant, reduced the degree of the offense from burglary to attempted burglary. This action was taken at the close of the People's case when the evidence did not establish entry into the subject premises.

■■ Notwithstanding this reduction, an instruction was given stating that the defendant was charged with burglary. The verdict form and other instructions clearly indicate that the issue tendered to the jury was guilt or innocence of the remaining lesser included charge of attempted burglary and not burglary. At the time of the instruction conference, the defendant affirmatively stated that he had no objection to the tendered instruction. This of course constituted waiver of any error with reference to this instruction. We are not conviced that such instruction constituted plain error warranting review as a matter of fundamental fairness, even in the face of such affirmative waiver.

■■■ Finally, it is urged that there was error in refusing an instruction on the offense of criminal damage to property as an asserted lesser included offense. To sustain a conviction for a lesser included offense on an indictment for the greater offense, all of the elements of the lesser

offense must be included within the greater. Damage is an element of criminal damage to property—it is not an element of the offense of burglary and the instruction was properly refused.

The judgment of the circuit court of Champaign County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.