FOURTH DIVISION

                                                                                                           November 27, 2002

No. 1-00-2519 and 1-00-3854 (cons.)

THE PEOPLE OF THE STATE OF ILLINOIS, 

Plaintiff-Appellee,

v.

EDWARD HANKS,   

Defendant-Appellant.

)

)

)

)

)

)

)

)

))

Appeal from the

Circuit Court of

Cook County

Honorable

Daniel J. Kelley,

Judge Presiding.

JUSTICE KARNEZIS delivered the opinion of the court:

Petitioner Edward Hanks appeals the circuit court's summary dismissal of his 
pro se
 petitions for relief pursuant to the Post-Conviction Hearing Act (hereinafter the Act) (725 ILCS 5/122-1 
et seq
. (West 2000)).  The circuit court dismissed petitioner's initial and successive petitions after finding the issues raised therein to be frivolous and patently without merit.

Petitioner was convicted of aggravated criminal sexual assault and armed robbery following a jury trial.  The trial court sentenced petitioner to extended terms of 60 years' imprisonment for aggravated criminal sexual assault and 40 years for armed robbery, to be served consecutively.

The evidence adduced at trial was set forth by this court in 
People v. Hanks
, No. 1-97-1769 (1999) (unpublished order pursuant to Supreme Court Rule 23).  Therefore, we will discuss only those facts relevant to the resolution of this appeal.  On December 9, 1992, Felicia S. left her Chicago home to go to work.  While walking on North Lawler Avenue, Felicia S. was approached from behind by a man who put a handgun to her head and announced, "This is a stickup, bitch."  He then forced her down an alley and into a garage where he tied her up and pushed pills into her mouth, which he said would relax her.  Her clothes were removed and she was sexually assaulted.  Several dollars were also taken from her pocket before the attacker fled.   After freeing herself from the  bindings, Felicia phoned the police and was taken to the hospital.  A police investigation led to defendant's arrest.  Felicia subsequently identified defendant in a lineup and at trial.  In addition, evidence taken from the victim at the hospital and from her clothing was consistent with defendant's DNA pattern.  A jury convicted defendant of aggravated criminal sexual assault and armed robbery on March 27, 1996, and the court sentenced him to consecutive, extended-term sentences of 60 years and 40 years, respectively.   Petitioner appealed from that judgment and we affirmed.  
Hanks
, No. 1-97-1769 (unpublished order pursuant to Supreme Court Rule 23)
.  On February 2, 2000, the Illinois Supreme Court denied petitioner's petition for leave to appeal.  
People v. Hanks
, 187 Ill. 2d 579 (2000).             

On March 28, 2000, petitioner filed a 
pro se
 petition alleging numerous deprivations of his constitutional rights.  
 The trial court summarily dismissed the petition on June 2, 2000, pursuant to section 122-2.1 of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1 (West 2000)), after concluding that the issues raised were patently without merit. 

Petitioner filed a second 
pro se
 petition for postconviction relief on September 6, 2000, arguing that the consecutive, extended-term sentences imposed were unconstitutional in violation of 
Apprendi v. New Jersey
, 530 U.S. 466
, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)
.   The trial court summarily dismissed this petition on October 19, 2000.  It is from the orders dismissing petitioner's postconviction petitions that he now appeals.   

Petitioner now argues that: (1) the postconviction court erred in summarily dismissing his 
pro se
 petition where it included a nonfrivolous claim of the denial of a fair and impartial trial in that a juror had previously worked with defendant in the housekeeping department of the Hyatt Regency O'Hare Hotel; (2) the postconviction court erred in summarily dismissing his 
pro se
 petition where it included a nonfrivolous claim that appellate counsel was ineffective for failing to raise the issue that petitioner was denied a fair and impartial trial on appeal; (3) the consecutive, extended-term sentences imposed are unconstitutional under the United States Supreme Court ruling in 
Apprendi v. New Jersey
, 530 U.S. 466
, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)
; (4) one of his extended-term sentences must be vacated as the trial court imposed two extended-term sentences based on the same aggravating factor, thereby violating the principles against double enhancement; and (5) the enactment of Public Act 83-942 (Pub. Act 83-942, eff. November 23, 1983), which amended the Act to permit the dismissal of certain petitions prior to the appointment of counsel, violated the single subject rule of the Illinois Constitution.
  
We remand for further proceedings.

The Act allows a criminal defendant a procedure for determining whether he was convicted in substantial violation of his constitutional rights.  725 ILCS 5/122-1(a) (West 2000); 
People v. Edwards
, 197 Ill. 2d 239, 243-44, 757 N.E.2d 442, 445 (2001).  Where the death penalty is not involved, the Act sets forth a three-stage process for adjudicating a defendant's request for collateral relief.  
People v. Gaultney
, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 108 (1996).  

At the first stage, all well-pleaded facts are to be taken as true.  725 ILCS 5/122-2.1(a) (West 2000); 
People v. Coleman, 
183 Ill. 2d 366, 385, 701 N.E.2d 1063, 1073 (1998).  The petitioner must also support his or her allegations by attaching affidavits, record or other evidence to the petition or must state why the same are not attached.  725 ILCS 5/122-2 (2000); 
People v. Collins
, No. 90679, slip op. at 4-5 (March 15, 2002).
 
 
 A trial court may summarily dismiss a petition at the first stage as frivolous and patently without merit only if the allegations, taken as true, fail to present a " 'gist of a constitutional claim.' "   
Edwards
, 197 Ill. 2d at 244, quoting 
Gaultney
, 174 Ill. 2d at 418. 
To establish a gist of a constitutional claim, a defendant must only present, " 'a limited amount of detail.' "  
Edwards, 
197 Ill. 2d at 244 quoting 
Gaultney
, 174 Ill. 2d at 418.  However, the petition must clearly identify the alleged constitutional violations.  
Collins
, slip op. at 4-5.

It was at the first stage that these petitions were dismissed.  
Our review of the summary dismissal of a post-conviction petition is 
de novo.
  
Coleman
, 183 Ill. 2d at 388-89.

Petitioner first argues that the trial court erred in summarily dismissing his 
pro se
 petition and asserts that he stated a "gist" of a meritorious claim when he argued that he was denied a fair and impartial trial and that appellate counsel was ineffective for failing to raise denial of a fair and impartial trial on appeal.   

Petitioner claims that he was denied a fair and impartial trial in that  juror Alvarez, a woman who served on his jury, had worked during the same time period as petitioner in the housekeeping department of the Hyatt Regency O'Hare Hotel
.  The denial of his right to a fair trial is made more palpable, petitioner argues, by the fact that he was convicted of raping a guest at the Hyatt Regency O'Hare when both he and Alvarez worked there in 1984.  Therefore, petitioner urges that juror Alvarez's ability to serve as a fair and impartial juror was compromised and this issue should have been raised by counsel on direct appeal.

Following petitioner's conviction, but prior to sentencing, defense counsel informed the trial court that petitioner had advised him that juror Alvarez worked with petitioner and petitioner's brother in the housekeeping department at the Hyatt Regency O'Hare.  There is no indication as to when petitioner received this information from his brother.  The State relayed to the court that petitioner had worked at that hotel in 1984.  Petitioner admitted to the trial court that he hadn't "noticed or recognized her until my brother * * * had recognized her and inform [
sic
] me again of my [
sic
] recollection."  In response, the trial court stated, "[a]ll I can do is go by her answer that she didn't know defendant."  The case was then passed.  

Subsequent to the break, the court was informed that the State and one of its investigators had spoken to juror Alvarez during the break.  According to the information relayed to the court, the substance of that interview was that juror Alvarez did not recognize defendant or anyone else in the case.  She did not work with defendant and did not know that defendant was the individual who had been arrested for a crime committed at the Hyatt Regency O'Hare. 
  This interview was memorialized in an unsworn report that was tendered to defense counsel, but not to the court.  In addition, the State informed the court that during 
voir dire
, the court questioned juror Alvarez with regard to what type of work she did, where she worked and for how long. 
Juror Alvarez stated that she had worked in the housekeeping department of the Hyatt Regency for 22 years.
 Also 
during 
voir dire
, juror Alvarez did not respond when the trial court asked if any of the prospective jurors knew anyone involved in the case, even after defendant introduced himself.   She also stated that there was nothing that would prevent her from being a fair and impartial juror.  

The State argues that petitioner's argument with respect to juror Alvarez is not supported by an affidavit of his brother, Earl Hanks, who allegedly brought the matter to petitioner's attention at trial.  Relying on 
People v. Collins
, No. 90679 (March 15, 2002), 
 the State argues that this omission is fatal to the survival of petitioner's claims as
 this affidavit is necessary to establish that Earl Hanks had recognized juror Alvarez and that he so informed his brother.  

In 
Collins
, our supreme court ruled that the trial court properly dismissed a petitioner's postconviction petition under Section 122-2 (725 ILCS 5/122-2 (West 2000)), as petitioner failed to attach "affidavits, records, or other evidence" to support his allegation that trial counsel failed to file an appeal after petitioner had so requested.  Moreover, petitioner had failed to explain why "affidavits, records, or other evidence" was unavailable as required by Section 122-2 (725 ILCS 5/122-2 (West 2000)).  
Collins, 
slip op. at 4-5.

In the instant case, however, an affidavit from petitioner's brother regarding his recollection of juror Alvarez is unnecessary.  Unlike 
Collins
, this is not a case where a petitioner makes a bald allegation with no factual support.  Petitioner does not argue that witness X could provide newly discovered evidence and then fails to provide an affidavit of witness X.  See 
People v. Fields
, 331 Ill. App. 3d 323, 331, 772 N.E.2d 742, 749 (2002).  We do not construe the ruling in 
Collins 
to require an affidavit in every postconviction petition.  
Rather, as in the case at bar, the record, the contents of the court file and the exhibits allow for objective and independent corroboration of the allegations.   
Collins
, slip op. at 4-5.

Section 122-2.1 of the Act states, "[i]n considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding."   725 ILCS 5/122-2.1(c) (West 2000).  Contained in the record in the case at bar is the discussion had between the court, the State and the defense regarding juror Alvarez, as well as the State's representations as to what juror Alvarez said when she was interviewed by its investigator.  In addition, the record contains the actual report prepared by the State's Attorney's investigator memorializing his conversation with juror Alvarez.  Furthermore, petitioner attached to his postconviction petition an excerpt of the record from 
voir dire
 where the prospective jurors, including  juror Alvarez, were asked whether they knew defendant and wherein juror Alvarez stated that she worked as a housekeeper at the Hyatt Regency for 22 years.  Accordingly, we find that the absence of the affidavit from petitioner's brother is not detrimental to the survival of his petition. 

The State next argues that petitioner's claim that he was denied a fair and impartial trial could have been brought on direct appeal but was not and is therefore subject to waiver.  Moreover, the State suggests that petitioner is seeking to avoid the doctrine of waiver by alleging ineffective assistance of appellate counsel for failure to raise this issue on appeal.

Generally, issues not raised on direct appeal are considered waived for purposes of postconviction proceedings.  
People v. Mahaffey
, 194 Ill. 2d 154, 170, 742 N.E.2d 251, 261 (2000).  However, the doctrines of 
res judicata 
and waiver are relaxed in three situations: where fundamental fairness so requires; where the alleged waiver stems from a claim of ineffective assistance of appellate counsel; or where the facts relating to the postconviction claim do not appear on the face of the original record.   
Mahaffey
, 194 Ill. 2d at 171.  
With these principles in mind, we will consider whether appellate counsel was ineffective for failing to raise petitioner's denial of a fair and impartial trial on appeal.

In determining whether a defendant has made a substantial showing that appellate counsel was ineffective, we turn to the two-part test articulated in
 
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984).  
People v. Haynes
, 192 Ill. 2d 437, 476, 737 N.E.2d 169 (2000).  First, the defendant must show that appellate counsel's failure to raise the issue complained of was objectively unreasonable.   
Haynes, 
192 Ill. 2d at 476. 
 Second, the defendant must demonstrate that appellate counsel's decision not to raise the issue prejudiced defendant.  
Haynes
, 192 Ill. 2d at 476.   Appellate counsel is not, however, obligated to raise every issue on appeal.  
People v. Easley
, 192 Ill. 2d 307, 329, 736 N.E.2d 975 (2000).  Moreover, appellate counsel is not incompetent for refraining to raise issues, that, in his or her judgment, are without merit.  
Easley
, 192 Ill. 2d at 329.    In other words, if the underlying issue is without merit, defendant can suffer no prejudice from appellate counsel's failure to raise the issue.
  Easely
, 192 Ill. 2d at 329.  

Petitioner argues that appellate counsel's failure to raise this issue on direct appeal was objectively unreasonable where the record demonstrated that one of the jurors who sat on petitioner's jury may have possessed exceptionally prejudicial information concerning petitioner's prior conviction for rape.  Additionally, had appellate counsel raised this issue on direct appeal, there is a reasonable likelihood that the matter would have been remanded for an evidentiary hearing.  We agree.

A criminal defendant's right to an impartial jury is guaranteed by both the United States and the Illinois Constitutions.   U.S. Const. amends. VI, XIV; Ill. Const. 1970, art. 1, §8; 
People v. Metcalfe
, 326 Ill. App. 3d 1008, 1014, 762 N.E.2d 1099 (2001).    An impartial jury is one in which the jury is "capable and willing to decide the case solely on the evidence before it."  
Smith v. Phillips
, 455 U.S. 209, 217, 71 L. Ed. 2d 78, 86, 102 S. Ct. 940, 946
 (1982).
  

In 
People v. Olinger
, 176 Ill. 2d 326, 680 N.E.2d 321 (1997), defendant alleged in his postconviction petition that a juror lied on 
voir dire
 regarding the presumption of innocence and, therefore, he was denied a fair and impartial trial.  To support his allegation, defendant attached a letter that the juror had written to a newspaper that stated that the presumption of innocence "should be" changed and an affidavit supposedly signed by the juror where she stated that defendant "should have" proven that he did not commit the crimes of which he was accused.  
Olinger,
 176 Ill. 2d at 353. 

To determine whether the defendant was entitled to a new trial due to his allegation that the juror made false statements during 
voir dire
, the court looked to the two-part test established in 
Pekelder v. Edgewater Automotive Co.
, 68 Ill. 2d 136, 139, 368 N.E.2d 900 (1977).  
Olinger
, 176 Ill. 2d at 353-54; see 
People v. Porter
, 111 Ill. 2d 386, 403, 489 N.E.2d 1329 (1986) (same test applies to criminal cases).  "A new trial is required if the movant establishes that (1) a juror answered falsely on 
voir dire
 and (2) prejudice resulted therefrom."  
Olinger, 
176 Ill. 2d at 353 citing 
Pekelder
, 68 Ill. 2d at 139.
  

Applying the two-part test, the court ruled defendant failed to establish that the juror lied during 
voir dire
 and therefore could not establish the second part of the test, that prejudice resulted from the falsity.  
Olinger
, 176 Ill. 2d at 354.
  The court found the viewpoints expressed in the letter and affidavit merely set forth the juror's personal opinion on the criminal justice system as a whole.  The letter and affidavit were written years after the juror served and the juror did not state that she possessed these views at the time she served on the jury or that she applied her viewpoints in defendant's case.  Additionally, the juror stated during 
voir dire 
that she understood the presumption of innocence, that the State was required to prove defendant guilty beyond a reasonable doubt and that she could be a fair and impartial juror.  
Olinger
, 176 Ill. 2d at 354.
    

Most importantly in denying defendant's claim, the 
Olinger
 court relied on the discovery deposition taken of the juror in question.  Prior to dismissing petitioner's petition, the circuit court ordered that the juror be deposed to determine whether she had followed her oath as a juror.   At the deposition, the juror indicated that she had written the letter to the newspaper in reaction to another letter printed in the newspaper a short time before and that she never connected defendant's trial with the letter.  Moreover, the juror stated with respect to the affidavit that she was not familiar with it and did not sign it.  The circuit court, relying on the deposition and the juror's 
voir dire
 testimony, ruled that there was no juror bias.  Finding that the trial court's ruling was supported by the record, our supreme court ruled that defendant was not entitled to postconviction relief.  
Olinger
, 176 Ill. 2d at 354-55.

Similarly, in 
People v. Russell
, 4 Ill. App. 3d 26, 27, 280 N.E.2d 288 (1972), defendant claimed that he had been denied a fair and impartial trial when, at the close of the prosecution's case, the defense attorney was informed by an onlooker that a juror and defendant had been involved in an altercation at a softball game two summers prior.  
The trial court conducted a hearing where defendant and the onlooker testified.  The juror was not called to testify.  The substance of their testimony was that defendant's and the juror's softball teams had gotten into an altercation that resulted in the termination of the game.  Because of this information, defendant claimed that the trial court erred in failing to examine the juror and the absence of a meaningful examination of the juror denied defendant a fair trial.  
Russell
, 4 Ill. App. 3d at 27-28.

The appellate court rejected defendant's argument and found that the trial court properly conducted a hearing and obtained a sufficient factual background of the incident from defendant's testimony without questioning the juror.  
Russell
, 4 Ill. App. 3d at 27.
  The court reasoned that, during 
voir dire
, the juror stated that he did not know defendant and knew no reason why he could not be a fair and impartial juror.  Moreover, the court found that, at the time of 
voir dire,
 there was no indication by the defendant that he recalled the juror, the softball game or the altercation.  Defendant's recollection was only triggered when it was brought to his attention by a third party.  After hearing the facts, nothing was shown that would indicate prejudice to the defendant or denial of a fair trial.  
Russell
, 4 Ill. App. 3d at 27.

Likewise, in
 People v. Thomas,
 296 Ill. App. 3d 489, 500-01, 694 N.E.2d 1068 (1998), defendant argued on appeal that the trial court erred in denying his motion for a new trial based upon the fact that a juror failed to disclose that she knew and bore animosity toward his mother.  Her presence on the jury was therefore prejudicial to defendant.

The appellate court dismissed defendant's claim, finding that the trial court properly conducted an evidentiary hearing after defendant raised the issue of the juror's partiality.  According to the juror's testimony at the hearing, she and defendant's mother worked in the same workplace, but on different shifts.  The animosity that defendant suggested was not directed toward defendant's mother but, rather, toward the work environment.   Finally, the juror stated that she was not aware that she knew defendant's mother until sometime after she testified.  Based upon her testimony, the trial court found that defendant did not meet his burden of proof to demonstrate juror partiality and the appellate court so affirmed.  
Thomas
, 296 Ill. App. 3d at 501.

Unlike 
Olinger
, juror Alvarez was not deposed with respect to any possible bias.   While the State did go out and speak with juror Alvarez during the recess, her statement was not sworn to nor was she subject to cross-examination.  Moreover, unlike 
Russell
 and 
Thomas
, an evidentiary hearing was not held.  "Where a defendant does not learn of facts which might support a finding of partiality by a juror until after a verdict a post-trial evidentiary hearing may be [in order]."  
People v. Witte
, 115 Ill. App. 3d 20, 30, 449 N.E.2d 966 (1983).
 

The trial court did not hold an evidentiary hearing in the instant case to determine the partiality of juror Alvarez.  There was no determination made as to whether juror Alvarez answered falsely on
 voir dire
 as she never provided a sworn statement nor was she subject to any adversarial testing.  
Pekelder
, 68 Ill. 2d at 139, 368 N.E.2d 900.  Accordingly, we find that petitioner has stated a "gist" of a meritorious claim with respect to his contention that appellate counsel was ineffective for failing to raise the issue that defendant was denied a fair and impartial trial on appeal.   Appellate counsel's representation fell below the objective standard of reasonableness,  and we cannot say that the failure to raise this issue was not outcome determinative. 
Haynes, 
192 Ill. 2d at 476.
  Therefore, the trial court erred in summarily dismissing petitioner's petition. 

Petitioner has advanced several other claims that we are prepared to address.  However, we have already found that petitioner has stated a "gist" of a meritorious claim and are therefore precluded from taking our analysis of petitioner's claims any further.

Our supreme court has recently addressed the application fo section 122-2.1 of the Act in relation to postconviction petitions that raise multiple allegations. 
People v. Rivera
, 198 Ill. 2d 364, 763 N.E.2d 306 (2001).  In 
Rivera
, petitioner alleged six violations of his constitutional rights.  The trial court dismissed four of those claims as patently without merit and found that the two remaining claims stated a "gist" of a meritorious claim.  The trial court allowed the two claims to advance to the second stage of adjudication.  On appeal , the appellate court ruled that the Act does not allow for partial dismissals of postconviction petitions and, therefore, the entire petition should have proceeded to the second stage.  
People v. Rivera
, 315 Ill. App. 3d 454, 458, 734 N.E.2d 26 (2000).

Our supreme court affirmed a portion of the judgment of the appellate court and ruled as follows:

"Clearly, the Act does not speak in terms of dismissing individual claims 

that are either frivolous or patently without merit; the statute speaks solely in 

terms of the 
petition 
itself being frivolous or patently without merit, and the Act

mandates that if the 
petition 
is not dismissed under section 122-2.1, then the trial

court 
shall 
order the 
petition 
docketed. * * * Under the plain language of the Act,

in cases such as this, the circuit court must docket the 
entire
 petition, appoint 

counsel, if the petitioner is so entitled, and continue the matter for further 

proceedings in accordance with sections 122-4 through 122-6.  The State is then 

given the opportunity to answer or otherwise plead."  (Emphasis in original.)

Rivera
, 198 Ill. 2d at 370.

Recognizing that the Illinois Supreme Court did not specifically address the application of the holding in 
Rivera
 with respect to appellate review of postconviction petitions that were summarily dismissed but which contained multiple allegations, this court held in 
People v. Montgomery
, 327 Ill. App. 3d 180, 187-88, 763 N.E.2d 369 (2001), that if a "gist of a meritorious claim" is found to exist on appeal from the summary dismissal of a postconviction petition, the entire petition is required to be remanded and advanced to the second stage.   While the petition before the court in 
Montgomery
 was procedurally distinguishable from that in 
Rivera
, the 
Montgomery
 court determined that "
Rivera
 precludes partial dismissals" and "disallow[s] appellate affirmance of a part of a trial court order dismissing one of the multiple allegations where another allegation is found not to be frivolous or patently without merit."  
Montgomery
, 327 Ill. App. 3d at 188.
  

In accordance with the holdings in 
Rivera 
and 
Montgomery
, we remand this case to the trial court for petitioner's petition to be redocketed and advanced to the second stage for the court to determine whether the petitioner has made a substantial showing of constitutional violations.  
Montgomery
, 327 Ill. App. 3d at 191.
  As required by the Act, counsel should be appointed to represent petitioner ( 725 ILCS 5/122-4 (West 2000)).  We also direct the trial court to consider the allegations raised in petitioner's second postconviction petition, that his sentence violates the rule announced in 
Apprendi
.  In doing so, however, we are mindful of our prior holding in 
People v. Gholston
, 332 Ill. App. 3d 179, 188, 772 N.E.2d 880 (2002)(
Apprendi 
does not apply retroactively to cases on collateral review).

Reversed and remanded with directions.

HARTMAN and GREIMAN, J.J., concur.