Nos. 2-05-0583 & 2-06-0247 cons.   Filed: 6-10-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--1324 |
| FREDDIE RAMIREZ, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

Our supreme court has ordered us to vacate and reconsider our initial resolution of this consolidated appeal from the summary dismissal of two pro se postconviction petitions filed by defendant, Freddie Ramirez, pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2004)).  In his petitions, defendant claimed that his trial counsel was ineffective for misleading him into pleading guilty on counsel's erroneous legal advice that there was no meritorious basis to pursue two motions to suppress incriminating statements.  In our previous order, we affirmed the trial court's dismissal of the postconviction petitions.  We now reverse the dismissal of the first postconviction petition (appeal No. 2--05--0583), but we affirm the dismissal of the second postconviction petition (appeal No. 2--06--0247).

BACKGROUND

Defendant and Luis Fernando Vasquez were charged by indictment on April 25, 2001, with five counts of first-degree murder (720 ILCS 5/9--1(a)(1) (West 2004)) in connection with the November 13, 2000, shooting death of Victor Chavez. Defendant was sentenced to 34 years' imprisonment upon a plea of guilty.

Following sentencing, defendant filed two pro se petitions for postconviction relief, alleging ineffective assistance of counsel. Defendant claimed that he pled guilty because his counsel misled him into believing that counsel's motions to suppress had no merit and that no appeal could be taken from a finding against him on the motions. Those motions, and defendant's postconviction petitions, alleged that defendant had invoked his right to counsel upon questioning for Chavez's murder. David Weinstein, who was defendant's counsel at the time, filed a supporting affidavit, in which he averred that he had informed the police that defendant would be exercising his fifth amendment right to remain silent when police questioned defendant about Chavez's murder. Defendant alleged that, after he had invoked his right to counsel, the police wired his mother and she obtained incriminating statements from defendant about the murder of Chavez, while defendant was incarcerated for another offense. Later, while defendant was still incarcerated on the other offense, the police questioned defendant, again in the absence of his counsel, about the murder, and he wrote an incriminating statement, which the State sought to introduce against defendant if a trial on the merits had taken place. Both motions to suppress attacked the eavesdrop evidence obtained by defendant's mother and the statement obtained by the police interrogation.

The trial court dismissed both petitions at the first stage of the postconviction process. On appeal, we agreed with the trial court as to the first petition, finding that evidence available to the State, other than the evidence subject to the motions to suppress, likely would have led to a

conviction of first-degree murder based on accountability and, thus, defendant did not show that it was reasonably probable that, had the motions to suppress been granted, counsel would have advised defendant differently. People v. Ramirez, 371 Ill. App. 3d 738, 745 (2007). We also held that defendant forfeited the second postconviction petition by failing to present any argument on appeal. Ramirez, 371 Ill. App. 3d at 746. The supreme court ordered this court to vacate our decision and to reconsider it in light of People v. Hodges, 234 Ill. 2d 1 (2009).

ANALYSIS

I. STANDARD OF REVIEW

Under the Act, a person imprisoned for a crime may collaterally attack his conviction and sentence based on violations of his or her constitutional rights. People v. Erickson, 183 Ill. 2d 213, 222 (1998). Except where the death penalty has been imposed, proceedings under the Act are divided into three stages. People v. Gaultney, 174 Ill. 2d 410, 418 (1996). During the first stage, the trial court independently examines the petition. If the petition is frivolous or patently without merit, it will be summarily dismissed by the trial court. 725 ILCS 5/122--2.1(a)(2) (West 2006).

Our supreme court in Hodges stated that a pro se petition is frivolous or patently without merit if it "has no arguable basis either in law or in fact." Hodges, 234 Ill. 2d at 16. A petition has no basis in law when it is based on an "indisputably meritless legal theory." Hodges, 234 Ill. 2d at 16. "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." Hodges, 234 Ill. 2d at 16. A petition has no basis in fact if it is based on a "fanciful factual allegation." Hodges, 234 Ill. 2d at 16. "Fanciful factual allegations include those which are fantastic or delusional." Hodges, 234 Ill. 2d at 17.

If a petition survives the first stage of review, it proceeds to the second stage, at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition. Gaultney, 174 Ill. 2d at 418. At the second stage, the petition may be dismissed "when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." People v. Alberts, 383 Ill. App. 3d 374, 376 (2008). A petition that is not dismissed at the first or second stage advances to the third stage, at which an evidentiary hearing is held. Gaultney, 174 Ill. 2d at 418.

Defendant argues that his postconviction petitions set forth a valid claim of ineffective assistance of counsel because his counsel misled him into pleading guilty on counsel's erroneous legal advice that there was no meritorious basis for suppressing the incriminating statements. Under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), a defendant claiming ineffective assistance of counsel must show that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." Hodges, 234 Ill. 2d at 17.

## II. FIRST POSTCONVICTION PETITION

Before addressing the merits of defendant's postconviction claim, we first find that defendant's petition satisfied the evidentiary requirements set forth in section 122--2 of the Act. 725 ILCS

5/122--2 (West 2004). Attached to the first postconviction petition was the signed affidavit of his former counsel, David Weinstein, who averred that he was retained to represent defendant and that he went to the Waukegan police department to speak with defendant. His affidavit independently corroborated those allegations in defendant's petition regarding the invocation of defendant's right to have counsel present during questioning.

As to defendant's claim that his attorney induced him to plead guilty based on erroneous legal advice, which defendant averred in his affidavit, Weinstein did not represent him when he pled guilty, and defendant did not submit an affidavit from Barbra Cahn, the attorney who represented him at that time. However, the failure to attach independent corroborating documentation or explain its absence may be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney. See People v. Collins, 202 Ill. 2d 59, 67-68 (2002). The difficulty of obtaining such an affidavit is self-apparent here where defendant claimed that his counsel provided ineffective assistance in advising him about a constitutional violation. Moreover, the trial court must accept as true all well-pleaded facts not positively rebutted by the record. People v. Crane, 333 Ill. App. 3d 768, 773 (2002).

## A. Legal Basis

On the merits, defendant claims that counsel was ineffective for advising him that the statements he gave to police were obtained legally. The trial court is required to make an independent assessment in the summary review stage as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief. People v. Coleman, 183 Ill. 2d 366, 388-89 (1998). Assuming that counsel advised defendant to plead guilty because there was no legal basis for suppressing the incriminating statements, as we must, we agree that

defendant has alleged facts sufficient to show that counsel's performance fell below an objective standard of reasonableness.

When a defendant invokes his fifth amendment right to counsel during interrogation, all questioning must cease until counsel actually is present. Smith v. Illinois, 469 U.S. 91, 94-95, 83 L. Ed. 2d 488, 493, 105 S. Ct. 490, 492 (1984); Edwards v. Arizona, 451 U.S. 477, 484-85, 68 L. Ed. 2d 378, 386, 101 S. Ct. 1880, 1885-86 (1981); People v. Hicks, 132 Ill. 2d 488, 492 (1989). Once a defendant invokes his right to counsel, the prosecution is barred from using any statement later made by the defendant in its case-in-chief, unless the defendant initiated the subsequent contact and made a knowing and intelligent waiver of his Miranda rights. People v. Winsett, 153 Ill. 2d 335, 360-61 (1992).

Defendant's petition alleged that he invoked his fifth amendment right to counsel in relation to the questioning about the murder of Chavez. Weinstein's affidavit supports defendant's legal conclusion that his fifth amendment right to counsel was violated. Furthermore, defendant's legal theory is not contradicted by the record. See Hodges, 234 Ill. 2d at 16. Thus, the alleged advice of defendant's attorney that the police obtained the statements legally was clearly erroneous.

The statements also could have been suppressed based on a violation of the sixth amendment right to counsel. The Lake County grand jury returned indictments on April 25, 2001, charging defendant with five counts of first-degree murder. The sixth amendment guarantees a right to counsel after the initiation of adversarial proceedings and guarantees counsel's presence during any communication between State agents and the defendant. See People v. Brown, 358 Ill. App. 3d 580, 587 (2005), citing Maine v. Moulton, 474 U.S. 159, 88 L. Ed. 2d 481, 106 S. Ct. 477 (1985); Massiah v. United States, 377 U.S. 201, 12 L. Ed. 2d 246, 84 S. Ct. 1199 (1964). The sixth

amendment right to counsel attaches at or after the initiation of adversarial judicial proceedings, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. People v. Garrett, 179 Ill. 2d 239, 247 (1997). Defendant sufficiently alleged that, after he was indicted, the police violated his sixth amendment right to counsel when they obtained incriminating statements from defendant without his attorney's presence, first when his mother, who was acting as an agent of the police, surreptitiously recorded her conversation with defendant, and later, when the police interrogated defendant at the prison. Thus, defendant's petition establishes another arguable basis that his counsel's advice was objectively unreasonable.

Having established that counsel's advice was arguably objectively unreasonable, we must address whether "it is arguable that the defendant was prejudiced." Hodges, 234 Ill. 2d at 17. In order to establish the prejudice prong of an ineffective-assistance-of-counsel claim in connection with the entry of a guilty plea (as is the case here), the defendant must show a reasonable probability that, absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial. People v. Hall, 217 Ill. 2d 324, 335 (2005). A defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial. Hall, 217 Ill. 2d at 335-36. The question of whether counsel's deficient representation caused the defendant to plead guilty depends in large part on predicting whether the defendant likely would have been successful at trial. Hall, 217 Ill. 2d at 336.

At this preliminary stage of review, we believe that defendant would have had a greater likelihood of success at trial had the motions to suppress been granted. The State would not have been able to present as strong a case against defendant without the use of the inculpatory statements. At the guilty plea hearing, the factual basis of the State's case rested almost entirely on the contested

statements. The other evidence upon which the State relied at the guilty plea hearing was Jose Quinonez's physical description of a person he saw running from the scene after he heard gunshots. This description matched defendant's appearance. At the sentencing hearing, the only other evidence introduced was Officer Schletz's testimony about his interview with defendant's girlfriend, who told him that she overheard defendant talk about how "they" killed a Latin King and that defendant later described to her how "they" shot Chavez. Thus, we conclude that defendant has established a reasonable probability that he would have persisted in his not-guilty plea and insisted on a trial absent counsel's deficient advice.

### B. Factual Basis

Finally, defendant's factual allegation that his attorney induced him to plead guilty is not contradicted by the record; nor is it fanciful, fantastic, or delusional. See Hodges, 234 Ill. 2d at 17. Accordingly, we find that the first postconviction petition was not frivolous or patently without merit and that the trial court erred in summarily dismissing it. See Hodges, 234 Ill. 2d at 16.

### III. SECOND POSTCONVICTION PETITION

While we reverse the trial court's dismissal of the first postconviction petition, we continue to find that defendant has forfeited the second postconviction petition by failing to raise any argument on appeal concerning the trial court's dismissal of the second postconviction petition (appeal No. 2--06--0247). See 210 Ill. 2d R. 341(h)(7) (points not argued on appeal are forfeited).

### IV. CONCLUSION

For the preceding reasons, the judgment of the circuit court of Lake County dismissing the first postconviction petition is reversed in appeal No. 2--05--0583, and the cause is remanded with directions to proceed to the second stage of the postconviction process. The judgment of the circuit

court of Lake County dismissing the second postconviction petition is affirmed in appeal No. 2--06--0247.

Appeal No. 2--05--0583, Reversed and remanded.

Appeal No. 2--06--0247, Affirmed.

McLAREN and BOWMAN, JJ., concur.