# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Wright*, 2013 IL App (4th) 110822

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KYLE L. WRIGHT, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0822 |
| Filed<br>Rehearing denied | April 17, 2013<br>May 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The decision in defendant's direct appeal from his conviction for first degree murder collaterally estopped him from asserting in his postconviction petition that his trial and appellate counsel were ineffective in failing to argue that the trial court improperly considered the harm to the victim as an aggravating factor at the sentencing hearing, since the appellate court decided in the direct appeal that the reference to the improper aggravating factor at the sentencing hearing was not plain error, and, therefore, defendant's counsel could not have been ineffective. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 07-CF-824; the Hon. Katherine M. McCarthy, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Peter A. Carusona and Jay Wiegman, both of State Appellate Defender's Office, of Ottowa, for appellant.

Jack Ahola, State's Attorney, of Decatur (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE APPLETON delivered the judgment of the court, with opinion.

Presiding Justice Steigmann and Justice Knecht concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Kyle L. Wright, who is serving a 55-year term of imprisonment for first degree murder (720 ILCS 5/9-1(a)(1) (West 2006)), appeals from the summary dismissal of his postconviction petition. He makes several claims in his petition, but the only claims he pursues in this appeal are those of ineffective assistance of counsel. We conclude that our previous decision, on direct appeal, collaterally estops defendant from making his claims of ineffective assistance. Therefore, we affirm the trial court's judgment.

¶ 2                              I. BACKGROUND

¶ 3    In the jury trial, which occurred in March 2008, the evidence tended to show the following. On June 2, 2007, defendant was driving in Decatur, and Ebony Oldham was one of his passengers. Defendant was angry with Robert May for selling him $800 of fake cocaine. May was standing beside Derrick Matthews and Ricky Johnson in the 800 block of West Macon Street. According to Oldham and the other passengers in defendant's car, defendant stopped the car, pulled out a pistol, and fired three rounds through the open front passenger window. One of the bullets hit Matthews in the head, killing him. May and Johnson were uninjured. The other two bullets struck a nearby house.

¶ 4    The jury found defendant guilty of the first degree murder of Matthews. The jury also answered yes to the question of whether the State had proved, beyond a reasonable doubt, that defendant had personally discharged a firearm and thereby had proximately caused the death of Matthews.

¶ 5    The trial court held a sentencing hearing in April 2008. In the sentencing hearing, the State called Emma Matthews, the mother of the murder victim. She testified her deceased son had two daughters, aged four and six, to whom he had been devoted, visiting them every

day and taking them to school. He also had been close to his sister. Defendant's sister, his children, and the mother of his children all would miss him greatly, Matthews said.

¶ 6        The State next called James Addison. He testified he lived at 876 West Macon Street and that on June 2, 2007, he was sitting in his living room, the room closest to the street, watching television with a friend, when a bullet flew by him, about an inch from his head, and "exploded" in the wall. Particles from the wall struck him.

¶ 7        The State next called David Pruitt, a Decatur police officer, who identified an audio recording of a telephone call defendant had made from the Macon County jail to an eyewitness, Oldham. The State played the recording for the trial court. The court remarked that the recording was difficult to follow but that defendant appeared to be asking Oldham to leave town.

¶ 8        Defendant made a statement in allocution, which really was not a statement in allocution so much as a declaration of his innocence and a complaint about his lack of opportunity to read the police reports and other discovery materials.

¶ 9        The trial court recited the following circumstances as factors in aggravation: the telephone call defendant had made from jail to Oldham requesting her to leave town (but because the recording or the conversation in the recording was unclear, the court said it was not giving this factor much weight), his previous violation of probation, his prior Class 4 felony conviction and several misdemeanor convictions, his history of drug activity, and his lack of work history. In addition, the court remarked: "For factors in aggravation[,] *** we certainly have conduct *** that caused serious harm and obvious death to the victim, Derrick Matthews." The court also considered the imperilment of Addison and his guest as an aggravating factor. The court said:

"But, then[,] we[ ] also[ ] have [the facts that] defendant's conduct did threaten serious harm. Doesn't have to cause serious harm. The [s]tatute reads, 'threatened serious harm.'

Here, we have a drive-by shooting, three bullets or three shots from a car ***.

*** [W]e heard from Mr. Addison[,] [who was] an innocent bystander, so[ ]to[ ]speak, but not just a bystander. He's sitting in his house, sitting on the couch watching TV, and a bullet whizzes by his ear, explodes in the wall. *** [L]uckily, [he was] not hurt. *** [L]uckily, [he was] not killed. But[ ] did it threaten serious harm? Certainly, it did. *** [S]o, the [c]ourt has considered *** his testimony as evidence in *** aggravation as well."

¶ 10       The trial court found only one factor in mitigation. The court said: "We certainly have the defendant's age, 21 years old. *** [W]e hope that a person of that age has *** the opportunity to be rehabilitated."

¶ 11       The trial court sentenced defendant to imprisonment for 55 years for first degree murder. That sentence reflected a 30-year term for murder plus a 25-year enhancement for the discharge of a firearm. See 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2006). (Without the enhancement, first degree murder was punishable by imprisonment for not less than 20 years and not more than 60 years. 730 ILCS 5/5-8-1(a)(1)(a) (West 2006).)

-3-

¶ 12    Defendant took a direct appeal. In addition to challenging jury instruction (*People v. Wright*, No. 4-08-0472, slip order at 10 (Aug. 20, 2009) (unpublished order under Supreme Court Rule 23)), he argued the trial court had erred by considering two circumstances as aggravating factors in the sentencing hearing: (1) the severe harm he had caused the murder victim, Matthews, and (2) the severe harm he almost had caused to the man watching television in his living room, Addison (*id.* at 12). These factors, he argued, were already implicit in the offense of first degree murder and hence were not legitimate aggravating factors. *Id.*

¶ 13    Defendant acknowledged that, because his trial counsel never raised this issue in a motion for a reduction of the sentence, the issue normally would be forfeited. *Id.* Nevertheless, on the authority of *People v. Martin*, 119 Ill. 2d 453, 458 (1988), he requested us to review the issue as plain error. *Wright*, slip order at 12-13. We concluded that the endangerment of Addison was a legitimate aggravating factor and that consideration of that factor was therefore not error at all. *Id.* at 13. As for the harm to Matthews, we agreed that consideration of that factor was erroneous, but we did not find it to be *plain* error. *Id.* at 13. We reasoned:

"The jury could have found that defendant intended to shoot May, in which case the bullet whizzing by Addison in his living room was not inherent to the felony murder of Matthews. Nor was the endangerment of Richards inherent to the felony murder (Richards was the other man standing beside May). In *Martin*, 119 Ill. 2d at 458, 519 N.E.2d at 886, the evidence in the sentencing hearing 'was not [only] closely balanced, [but] it strongly favored leniency for the defendant.' In the present case, the evidence in the sentencing hearing was not closely balanced, and it does not strongly favor leniency. Driving down West Macon Street, defendant had to see the houses lining the sides of the street. He had to see Richards standing beside May. Nevertheless, defendant drew his pistol, pointed it in the direction of Addison's house and Richards, and squeezed off not one but three rounds. He had no quarrel with Addison or Richards; it is just that their lives were insignificant to him, and if they happened to be in the way of his wrath, so be it. The court could punish defendant for his indifference to human life. We do not find that the court's passing reference to the harm inflicted upon Matthews put the judicial system in disrepute (see *People v. Hampton*, 149 Ill. 2d 71, 102, 594 N.E.2d 291, 305 (1992)) or deprived defendant of a fair sentencing hearing (see *People v. Hall*, 195 Ill. 2d 1, 18, 743 N.E.2d 126, 136 (2000)). The plain-error doctrine will not rescue defendant from the procedural forfeiture.

Seemingly as an afterthought, defendant accuses his trial counsel, in one sentence, of ineffective assistance for failing to object to improper aggravating factors. This assertion is too cursory to qualify as an argument. The element of prejudice is far from self-evident. See *People v. Nieves*, 192 Ill. 2d 487, 503, 737 N.E.2d 150, 158-59 (2000)." *Id.* at 13-14.

¶ 14    Therefore, on direct appeal, we affirmed the trial court's judgment (we found no merit in the challenge to the jury instruction, either). *Id.* at 14. The supreme court denied leave to appeal. *People v. Wright*, 234 Ill. 2d 550 (2009) (table).

¶ 15    On August 12, 2011, defendant filed a postconviction petition. Two of his claims were that (1) his trial counsel had provided ineffective assistance by failing to preserve the trial court's error of considering invalid aggravating factors and (2) his counsel on direct appeal had provided ineffective assistance by failing to raise all the claims that defendant now was raising in his postconviction petition.

¶ 16    On August 30, 2011, the trial court summarily dismissed the postconviction petition as "frivolous" and "patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2010). In the dismissal order, the trial court gave four reasons for its decision. First, the court found the petition to be untimely, because defendant had filed it more than three years after his conviction. See 725 ILCS 5/122-1(c) (West 2010). Second, the petition was unverified. See 725 ILCS 5/122-1(b) (West 2010). Third, the petition had no supporting affidavits attached to it. See 725 ILCS 5/122-2 (West 2010). Fourth (a reason alternative to the first three reasons), defendant had "failed to make the requisite showing of either deficient performance or sufficient prejudice to his defense in this claim for ineffective assistance of either trial or appellate counsel."

¶ 17    This appeal followed.


¶ 18                    II. ANALYSIS

¶ 19                A. Our Standard of Review

¶ 20    Section 122-2.1(a) of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1(a) (West 2010)) says that, within 90 days after the filing and docketing of a postconviction petition, the trial court shall examine the petition and shall enter an order pursuant to section 122-2.1 (725 ILCS 5/122-2.1 (West 2010)). Subsection (a)(2) (725 ILCS 5/122-2.1(a)(2) (West 2010)) says that, if the defendant has been sentenced to imprisonment and if the court determines that his or her petition is "frivolous or *** patently without merit," the court "shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." This first stage in the postconviction proceeding "allows the circuit court to act strictly in an administrative capacity by screening out those petitions which are without legal substance or are obviously without merit." (Internal quotation marks omitted.) *People v. Tate*, 2012 IL 112214, ¶ 9. If the court does not summarily dismiss the petition as "frivolous or *** patently without merit" within 90 days after the filing and docketing of the petition, "the court shall order the petition to be docketed for further consideration in accordance with Sections 122-4 through 122-6" (725 ILCS 5/122-4 to 122-6 (West 2010)); that is, the petition advances to the second stage of the postconviction proceeding. 725 ILCS 5/122-2.1(b) (West 2010).

¶ 21    The Post-Conviction Hearing Act does not define the terms "frivolous" and "patently without merit," but the supreme court has explained:

    "[A] pro se petition seeking postconviction relief under the Act may be summarily dismissed as 'frivolous or *** patently without merit' pursuant to section 122-2.1(a)(2) only if the petition has no arguable basis either in law or in fact. A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or fanciful factual allegation. An example of an indisputably

meritless legal theory is one which is completely contradicted by the record. [Citation.] Fanciful factual allegations include those which are fantastic or delusional." *People v. Hodges*, 234 Ill. 2d 1, 16-17 (2009).

The mere unlikelihood of a factual proposition does not make that proposition "fantastic or delusional," for the unlikely can turn out to be true. (Internal quotation marks omitted.) *Id.* at 13 & n.5.

¶ 22 A trial court should not summarily dismiss a postconviction petition unless its lack of legal and factual merit is certain and indisputable. For example, if the petition claims ineffective assistance of counsel, the question, at the first stage of the postconviction proceeding, is not whether the defendant has " 'demonstrate[d]' or 'prove[d]' ineffective assistance by 'showing' that counsel's performance was deficient and that it prejudiced the defense." *Tate*, 2012 IL 112214, ¶ 19. That is the burden the defendant must carry in the second stage of the postconviction proceeding, in which he or she must "make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *Id.* In the first stage, by contrast, "[a] different, more lenient formulation applies" (*id.*): we apply not the *Strickland* test but the " 'arguable' *Strickland* test"–and that qualifier "arguable" is crucial; it is not synonymous with "ultimately correct" (*id.* ¶ 20). "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphases in original.) (Internal quotation marks omitted.) *Id.* ¶ 19.

¶ 23 We decide *de novo* whether the petition deserves to be summarily dismissed as legally and factually inarguable. *Hodges*, 234 Ill. 2d at 9. "[A] petition which is sufficient to avoid summary dismissal is simply one which is *not* frivolous or patently without merit." (Emphasis in original.) *Id.* at 11.

¶ 24 B. The Purported Untimeliness of the Petition and
Its Lack of Verification and of Supporting Affidavits

¶ 25 Defendant points out that neither the untimeliness of the postconviction petition (*People v. Boclair*, 202 Ill. 2d 89, 99 (2002)) nor its lack of a proper verification (*People v. Terry*, 2012 IL App (4th) 100205, ¶ 23) is a legitimate ground for summarily dismissing the petition. As for the lack of supporting affidavits, he points out that affidavits are unnecessary if the record provides the necessary support for the claims in the postconviction petition. See *People v. Hanks*, 335 Ill. App. 3d 894, 899 (2002). The State does not appear to disagree with defendant thus far, and we find those points to be well taken.

¶ 26 C. The Preclusive Effect of Our Previous Finding of No Plain Error

¶ 27 On direct appeal, defendant argued the trial court erred in the sentencing hearing by considering two circumstances as aggravating factors: (1) the severe harm he caused to Matthews and (2) the severe harm he almost caused to Addison. *Wright*, slip order at 12. Defendant argued that the consideration of those two factors was erroneous because those

factors already were implicit in the offense of first degree murder. *Id.*

¶ 28    Because that issue, however, was not raised in the motion to reduce the sentence, we held the issue to be forfeited. *Id.* Defendant attempted to avert the forfeiture by invoking the doctrine of plain error. *Id.* at 12-13. We found that the trial court's consideration of the second factor, the endangerment of Addison, was not error at all, let alone plain error, because endangering Addison was not inherent in murdering Matthews. *Id.* at 13. As for the first factor, causing harm to Matthews was inherent in the murder of Matthews. Nevertheless, for two reasons, we concluded that this error did not amount to plain error. First, "the evidence in the sentencing hearing was not closely balanced, and it [did] not strongly favor leniency." *Id.* Second, "the court's passing reference to the harm inflicted upon Matthews" did not "put the judicial system in disrepute" or "deprive[ ] defendant of a fair sentencing hearing." *Id.* at 14.

¶ 29    The State now contends that, under the doctrine of the law of the case, our previous finding of no plain error should preclude defendant from arguing prejudice in the context of his claims of ineffective assistance. Actually, the doctrine of the law of the case is inapplicable because that doctrine bars relitigation of an issue already decided in the *same* case, whereas a postconviction proceeding is a case *different* from the direct appeal. See *People v. Bannister*, 378 Ill. App. 3d 19, 37 (2007).

¶ 30    Instead, the relevant doctrine is collateral estoppel. "Collateral estoppel, or issue preclusion, prevents relitigation of issues of law or fact that have previously been litigated and decided in an action involving the same parties or their privies." *In re Huron Consulting Group, Inc.*, 2012 IL App (1st) 103519, ¶ 22.

¶ 31    In the direct appeal, we decided an issue of law: we decided that the sentencing hearing was fair despite the trial court's isolated mention of an invalid aggravating factor, *i.e.*, the harm to the murder victim. *Wright*, slip order at 14. See also *People v. Luna*, 409 Ill. App. 3d 45, 51 (2011) ("the trial court's reference to the victim's death was minimal," and remand for resentencing was unnecessary). That finding collaterally estops defendant from arguing prejudice for purposes of a claim of ineffective assistance. See *People v. Blair*, 215 Ill. 2d 427, 442 (2005) ("We *** conclude that the legislature intended that trial courts may summarily dismiss postconviction petitions based on *** res judicata ***."); *Huron*, 2012 IL App (1st) 103519, ¶ 22; *Richter v. Village of Oak Brook*, 2011 IL App (2d) 100114, ¶ 17 ("Collateral estoppel is a branch of *res judicata ***."). Defendant could succeed in his claim of ineffective assistance of trial counsel only if the deficient performance by trial counsel caused him prejudice. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984). And he suffered prejudice only if the deficient performance deprived him of a fair sentencing hearing. See *id.*; *People v. Morgan*, 187 Ill. 2d 500, 548 (1999); *People v. Stanley*, 246 Ill. App. 3d 393, 403 (1993). Because we held, on direct appeal, that the sentencing hearing was fair despite the brief mention of an invalid aggravating factor, defendant is collaterally estopped from claiming prejudice from trial counsel's failure to preserve the error for review. It further follows that appellate counsel could not have been ineffective in omitting to fully brief an ultimately unmeritorious theory. See *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 109.

¶ 32     The trial court did not rely on the doctrine of collateral estoppel in its summary dismissal of the postconviction petition. Even so, we may affirm the summary dismissal on any basis that has support in the record. See *People v. Dent*, 408 Ill. App. 3d 650, 654-55 (2011); *People v. Edgeston*, 396 Ill. App. 3d 514, 522 (2009). Our conclusion, in the direct appeal, that the sentencing hearing was fair despite the mention of an invalid aggravating factor makes the claims of ineffective assistance of trial counsel and appellate counsel inarguable.

¶ 33                                    III. CONCLUSION

¶ 34     For the foregoing reasons, we affirm the trial court's judgment, and we award the State $50 against defendant in costs.

¶ 35     Affirmed.