NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 160941-U

NO. 4-16-0941

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 4, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ALLEN BROWN JR., | ) | No. 11CF1145 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert Freitag, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Holder White and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court's summary dismissal of defendant's postconviction petition was proper where the court applied the correct standard of review and defendant failed to attach to his petition his mental health records or allege what relevant information they contained.

¶ 2     In December of 2016, the trial court entered an order summarily dismissing defendant's petition for postconviction relief. On appeal, defendant argues the court applied an incorrect legal standard in reviewing his claim of ineffective assistance of counsel as set forth in his postconviction petition. We disagree and affirm the court's judgment.

¶ 3                              I. BACKGROUND

¶ 4     On January 11, 2012, the State charged defendant, Allen Brown Jr., by indictment with two counts of armed robbery (720 ILCS 5/18-2(a) (West 2010)) and one count of aggravated battery (720 ILCS 5/12-3.05(f)(1) (West 2010)) stemming from a robbery at a Casey's General

Store in Bloomington, Illinois, on December 30, 2011.

¶ 5        At a status hearing on March 7, 2012, defense counsel filed a motion requesting the appointment of Dr. Terry M. Killian as an expert to determine both defendant's fitness to stand trial and his sanity at the time of the alleged offense.

¶ 6        Dr. Killian evaluated defendant at the McLean County jail on March 18, 2012, and again on September 25, 2012. Prior to his interviews with defendant, Dr. Killian reviewed documents provided by defense counsel, including mental health records from the year 2000 and from the years 2009-2012. Some of these records were from the Edgewater Mental Health System in Indiana and had been provided to defense counsel by defendant's mother.

¶ 7        After his second evaluation of defendant, Dr. Killian concluded that defendant was malingering his psychiatric symptoms. However, he also concluded that defendant might be suffering from bipolar mood disorder and post-traumatic stress disorder and that defendant was probably suffering from antisocial personality disorder.

¶ 8        During defendant's fitness hearing on October 5, 2012, Dr. Killian testified that defendant was fit to stand trial and, at the time of the robbery of the Casey's General Store, was not suffering from any type of mental illness.

¶ 9        At the fitness hearing, defendant indicated to the trial court that defense counsel would not permit defendant to assert certain defenses. In response, defense counsel stated he told defendant that it would not be possible to pursue an insanity defense "without a psychiatric examination that makes that kind of finding."

¶ 10       On October 18, 2012, at the final pretrial hearing, defendant informed the trial court that defense counsel had failed to "subpoena [his] psychiatric records" and that defendant had

"given [defense counsel] places to get it, and he still haven't [*sic*] done it." In response, defense counsel repeated that defendant could not "present or argue the insanity defense when the expert has said he was not insane at the time."

¶ 11         Just prior to trial, on October 23, 2012, defendant requested a continuance because he was attempting to hire an expert witness to present "an affirmative insanity defense. Or is it guilty but mentally ill?" The trial court denied defendant's motion because Dr. Killian had already expressed an opinion on the issue of defendant's sanity.

¶ 12         A jury found defendant guilty of all charges on October 25, 2012. During his trial, defendant did not assert an insanity defense, nor was his mental state ever mentioned.

¶ 13         On November 28, 2012, the trial court sentenced defendant to 80 years in the Illinois Department of Corrections.

¶ 14         On direct appeal, defendant asserted that: (1) the trial court violated his constitutional right to self-representation; (2) the State failed to prove him guilty of armed robbery beyond a reasonable doubt as charged; (3) the sentences for armed robbery violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) his conviction and sentence for aggravated battery violated the one-act, one-crime doctrine; (5) the trial court erred in sentencing him to an extended term for aggravated battery; and (6) the 80-year sentence was excessive. *People v. Brown*, 2015 IL App (4th) 130192-U, ¶ 3. This court rejected all of defendant's claims except for the claim that the trial court erred in sentencing him to an extended term for aggravated battery. *Id.* ¶ 84. Defendant's sentence was reduced to 75 years. *Id.* ¶ 87.

¶ 15         On September 15, 2016, defendant *pro se* filed a postconviction petition under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2014). In his petition,

defendant alleged: (1) he had been denied his right to proceed *pro se*; (2) he received ineffective assistance of counsel because counsel failed to adequately investigate defendant's ability to plead guilty but mentally ill or assert the defense of insanity by not obtaining defendant's mental health records from the Indiana Department of Corrections; (3) he received ineffective assistance of counsel because counsel provided Dr. Killian with incomplete records from Edgewater Mental Health Systems without defendant's consent; (4) the trial court erred in not allowing defense counsel to withdraw; (5) he received ineffective assistance of counsel because counsel failed to allow defendant to review tangible evidence; (6) he received ineffective assistance of counsel because counsel failed to interview all of the witnesses on the list provided to defense counsel by defendant; (7) he received ineffective assistance of counsel because counsel failed to call character witnesses at his sentencing; (8) he received ineffective assistance of counsel because counsel forced defendant to present an alibi defense instead of allowing defendant to proceed with an insanity defense; (9) the prosecuting attorney "kidnapped him from the county jail;" and (10) the trial court erred in finding defendant fit for trial based on Dr. Killian's first report. Defendant did not attach to his postconviction petition any affidavits or records supporting his allegations. He did allege that he could not provide proof of any of his allegations because his "record was destroyed in an institutional shakedown so [he] is unable to alight to where in the record the issues are."

¶ 16 In a written order entered on December 5, 2016, the trial court dismissed defendant's postconviction petition in its entirety. In its order, the trial court noted defendant's claim that defense counsel failed to adequately investigate defendant's ability to plead guilty but mentally ill or to assert the defense of insanity was not "supported by any allegations as to what relevant information these records would have provided to counsel to support a defense of mental

illness." The court determined that, by failing to allege what the records would have contained, defendant failed to "plead sufficient facts to present the 'gist' of a valid constitutional claim" and that, as a result, defendant's claim was "merely a bald, conclusory allegation." The court also found that "[p]etitioner's failure to provide the records he claims counsel should have obtained, or to at the least provide some factual assertions as to their relevance to support his claim *** defeats his claim."

¶ 17 In rejecting defendant's claim that defense counsel shared with Dr. Killian incomplete mental health records from the Edgewater Mental Health System without defendant's consent, the trial court noted that "[t]he petition is devoid of any facts supporting petitioner's contention that the fact counsel obtained these records was somehow legally deficient performance and prejudicial to the petitioner." The court reiterated that "bald, conclusory allegations, such as this will not prevail on post-conviction review." The court rejected defendant's remaining postconviction claims.

¶ 18 This appeal followed.

¶ 19 II. ANALYSIS

¶ 20 On appeal, defendant argues the trial court applied an incorrect legal standard in reviewing his claim of ineffective assistance of counsel, as set forth in his postconviction petition. As stated, defendant alleged in his postconviction petition that he was denied effective assistance of counsel when his defense counsel failed to "investigate a defense of 'insanity or guilty but mentally ill' by not obtaining his mental health records from his, at the time, 'most recent providers: Indiana Department of Corrections' " and where defense counsel "release[ed] partial records to Dr. Killian for a psychological examination of [defendant]." Defendant contends the

court failed to evaluate whether defendant sufficiently alleged counsel was *arguably* ineffective in his representation, and instead "applied a stricter *Strickland* standard in evaluating [defendant's] allegations of ineffective assistance of counsel at the first stage of postconviction proceedings." Defendant makes no argument as to the other claims alleged in his postconviction petition.

¶ 21　　　　"Under the [Act], individuals convicted of criminal offenses may challenge their convictions on grounds of constitutional violations." *People v. Domagala*, 2013 IL 113688, ¶ 32, 987 N.E.2d 767 (citing 725 ILCS 5/122-1 *et seq.* (West 2010)). A postconviction petition must "have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2014). "The failure to comply with section 122-2 is fatal and by itself justifies the petition's summary dismissal." *People v. Harris*, 224 Ill. 2d 115, 126, 862 N.E.2d 960, 967 (2007). The purpose of this requirement is to allow the trial court to corroborate a petitioner's allegations with independent or objective facts. *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208 (2009).

¶ 22　　　　The threshold for a petition's survival at the first stage of postconviction proceedings is low as most petitions are drafted by defendants with little legal knowledge or training. *Id.* at 9. Therefore, the petitioner must only plead the "gist" of a constitutional claim. *People v. Allen*, 2015 IL 113135, ¶ 24, 32 N.E.3d 615. The "use of the term 'gist' describes what the defendant must allege at the first stage; it is not the legal standard used by the circuit court to evaluate the petition, under section 122-2.1 of the Act ***." *Hodges*, 234 Ill. 2d at 11.

¶ 23　　　　At the first stage of postconviction proceedings, the legal standard used by the trial court in evaluating the petition is, whether the petition is " 'frivolous or *** patently without merit.' " *Domagala*, 2013 IL 113688, ¶ 32 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2010)). "[A]

*pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 11-12.

¶ 24 To prevail on a claim of ineffective assistance of counsel, defendant must show both that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance prejudiced the performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). At the first stage of postconviction proceedings, the standard set forth in *Strickland* is attenuated somewhat to take into account the "frivolous or patently without merit" test. During the first stage, a postconviction petition need only show that "(i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphases added.) *Hodges*, 234 Ill. 2d at 17.

¶ 25 A trial court's first-stage dismissal of a defendant's postconviction petition is reviewed *de novo*. *People v. Wright*, 2013 IL App. (4th) 110822, ¶ 23, 987 N.E.2d 1051. We may affirm a court's dismissal on any grounds substantiated by the record, regardless of the court's reasoning. *People v. Snow*, 2012 IL App (4th) 110415, ¶ 17, 964 N.E.2d 1139.

¶ 26 Relevant to the present matter, the trial court's order stated that, in reviewing a postconviction petition at the first stage, a court must "determine whether the petition presents the gist of a constitutional claim" and dismiss the petition if it is "frivolous or patently without merit." The court's order also states that, in reviewing defendant's ineffective assistance of counsel claim, the "court follows the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this standard, petitioner must show that counsel's representation fell below an objective standard of reasonableness and that, but for this deficiency, there is a reasonable probability that

- 7 -

counsel's performance was prejudicial the defense."

¶ 27    Contrary to defendant's argument, it does not appear that the trial court utilized an improper standard in dismissing defendant's postconviction petition. Although the court cited to *Strickland* rather than to *Hodges*, the court did not suggest defendant had failed to establish that counsel was *actually* ineffective as opposed to *arguably* ineffective. Rather, in its analysis the court correctly noted that a defendant's postconviction petition must simply "present[ ] the gist of a constitutional claim." Thus, we find the court applied the correct legal standard.

¶ 28    As stated, the trial court found that defendant's allegation defense counsel failed to investigate a plea of guilty but mentally ill or the defense of insanity by failing to obtain defendant's mental health records failed to satisfy the "gist" standard because defendant failed to attach the mental health records to his petition or allege "what relevant information these records would have provided to counsel to support a defense of mental illness." The court also rejected defendant's allegation that defense counsel provided Dr. Killian with only partial records because the petition "is devoid of any facts supporting petitioner's contention that the fact counsel obtained these records was somehow legally deficient performance and prejudicial to the petitioner."

¶ 29    As an initial matter, we find defendant's conclusory allegations were insufficient to present the gist of a constitutional claim of ineffectiveness of counsel. In his petition, defendant failed to explain what the subject mental health records would have revealed or their relevance to any issue in his case. Defendant simply complained that counsel had failed to obtain all of his mental health records. Such conclusory allegations of ineffectiveness are insufficient to survive first-stage postconviction review. See *People v. Delton*, 227 Ill. 2d 247, 258, 882 N.E.2d 516, 522 (2008) ("[B]road conclusory allegation[s] of ineffective assistance of counsel *** are not allowed

- 8 -

under the Act.").

¶ 30    Moreover, as noted above, the Act requires that the petition include "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached" (725 ILCS 5/122-2 (West 2014)) and the failure to comply with this obligation is "fatal and by itself justifies the petition's summary dismissal." *Harris*, 224 Ill. 2d at 126.

¶ 31    Here, defendant did not attach to his petition the mental health records that are the basis of his ineffective assistance of counsel claim, nor did he attach an affidavit or other evidence explaining their relevance. Defendant's postconviction petition concludes with the statement that his "record was destroyed in an institutional shakedown so [he] is unable to alight to where in the record the issues are." This does not satisfy the requirements of Section 122-2. As an initial matter, it is not apparent whether the "record" defendant refers to includes his mental health records or whether he is simply referring to a record of his legal case. Even assuming the "record" referenced by defendant included his mental health records, defendant does not explain why he could not obtain additional copies of these documents to attach to his petition. Nothing in the record or in defendant's postconviction petition suggests that he ever attempted to obtain the "missing" mental health records, nor does he allege that he was unable to obtain them.

¶ 32    Without the medical records or pertinent affidavits that would support defendant's allegations of ineffective assistance of counsel, defendant is unable to establish that the "allegations are capable of objective or independent corroboration." See *Hodges*, 234 Ill. 2d at 10. Therefore, we find the trial court's first stage dismissal of defendant's postconviction petition was proper.

¶ 33                                III. CONCLUSION

¶ 34     For the reasons stated, we affirm the trial court's summary dismissal of defendant's postconviction petition.

¶ 35     Affirmed.