NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180618-U

NO. 4-18-0618

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 23, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ROBERT QUILLMAN, | ) | No. 15CF355 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer Hartmann |
| | ) | Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, finding the trial court did not err in summarily
        dismissing defendant's *pro se* postconviction petition.

¶ 2        In February 2017, defendant, Robert Quillman, pleaded guilty to two counts of

aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2014)). The trial court accepted

defendant's plea and sentenced him to concurrent terms of six years' imprisonment.

¶ 3        In May 2018, defendant filed *pro se* a petition pursuant to the Post-Conviction

Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), alleging he received ineffective

assistance of trial counsel in that counsel failed to raise "such issues that Defendant was not

mentally fit/stable to enter a plea of guilty." The trial court later dismissed defendant's petition as

frivolous and patently without merit (725 ILCS 5/122-2.1(a)(2) (West 2016)).

¶ 4            Defendant appeals, arguing the trial court erred by summarily dismissing his

*pro se* postconviction petition, claiming the petition presented the gist of a meritorious claim of

ineffective assistance of counsel because defendant had a history of mental health problems and

counsel failed to "ask for a fitness evaluation to ensure that [defendant] was mentally fit to plead

guilty at that time." We affirm.

¶ 5                              I. BACKGROUND

¶ 6            As an initial matter, we recognize the briefs identify defendant as transgender and

use female pronouns. In order to remain consistent with the trial court record, we choose to use

the trial court's designation instead.

¶ 7            In November 2015, the State charged defendant, who was then an inmate at

Pontiac Correctional Center, by information with two counts of aggravated battery (720 ILCS

5/12-3.05(d)(4)(i) (West 2014)), alleging defendant spat on two correctional officers engaged in

the performance of their authorized duties.

¶ 8            In February 2017, the trial court conducted a guilty plea hearing. In exchange for

defendant's guilty plea, the State "agreed to a term of six years in the Illinois Department of

Corrections [(DOC)] on each count." Defendant acknowledged he understood both the charges

and possible penalties. Defendant indicated his intent to plead guilty, stated he was doing so of

his own free will, and stated no one had forced him to plead guilty. After hearing the factual

basis, the court found defendant's guilty plea to be knowing and voluntary and accepted it.

Thereafter, the court sentenced defendant to concurrent six-year prison terms.

¶ 9            In May 2018, defendant filed *pro se* a petition for postconviction relief pursuant

to the Act. Defendant claimed he was not fit to enter a plea and alleged he received ineffective

assistance of trial counsel in that counsel failed to raise "such issues that Defendant was not

mentally fit/stable to enter a plea of guilty." In support of his claim, defendant asserted he stopped taking his "mental health mind-altering medications for over 2½ weeks per [*sic*] and during [his] plea of guilty," and was placed on a "mental health crisis watch for over one week per-entering [*sic*] guilty plea." The only document defendant attached to the petition was his own affidavit attesting the facts presented therein were "true and correct to the best of [his] recollection."

¶ 10        In August 2018, the trial court summarily dismissed defendant's *pro se* postconviction petition, finding there was nothing to support defendant's claim of ineffective assistance of counsel, "nor anything to suggest the plea was not knowingly and voluntarily entered"; noting defendant's claims were not supported by affidavit, records, or other evidence, or an explanation for their absence, as required by section 122-2 of the Act (725 ILCS 5/122-2 (West 2016)). The court concluded defendant's petition: (1) failed to comply with the statutory requirements for supporting evidence, (2) failed to set forth the gist of a constitutional claim, and (3) was frivolous and patently without merit. The court dismissed the petition.

¶ 11        This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13        On appeal, defendant argues the trial court erred by summarily dismissing his *pro se* postconviction petition, claiming the petition presented the gist of a meritorious claim of ineffective assistance of counsel because defendant had a history of mental health problems and counsel failed to "ask for a fitness evaluation to ensure that [defendant] was mentally fit to plead guilty at that time."

¶ 14        The Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state

constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The defendant must show he suffered a substantial deprivation of his federal or state constitutional rights. *People v. Caballero*, 228 Ill. 2d 79, 83, 885 N.E.2d 1044, 1046 (2008).

¶ 15 The Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23. Here, defendant's petition was dismissed at the first stage. At the first stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). This is an independent assessment of the substantive merit of the petition. *People v. Harris*, 224 Ill. 2d 115, 126, 862 N.E.2d 960, 967 (2007). Our supreme court has held "a *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record. *Hodges*, 234 Ill. 2d at 16. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Hodges*, 234 Ill. 2d at 16-17.

¶ 16 "In considering a petition pursuant to [section 122-2.1 of the Act], the [trial] court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding[,] and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2016). The petition must be both verified by affidavit and supported by "affidavits, records, or other evidence supporting its allegations," or, if not available, the petition

- 4 -

must explain why. 725 ILCS 5/122-2 (West 2016); *People v. Collins*, 202 Ill. 2d 59, 65, 782 N.E.2d 195, 198 (2002). "The failure to comply with section 122-2 is fatal and by itself justifies the petition's summary dismissal." *Harris*, 224 Ill. 2d at 126. This includes a failure to attach the necessary supporting documents or adequately explain their absence. See *People v. Turner*, 187 Ill. 2d 406, 414, 719 N.E.2d 725, 730 (1999). Our review of the first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394. Moreover, we may affirm the dismissal of a postconviction petition on any basis supported by the record. *People v. Wright*, 2013 IL App (4th) 110822, ¶ 32, 987 N.E.2d 1051.

¶ 17      Here, defendant argues his petition established the gist of a constitutional claim of ineffective assistance of trial counsel. In his petition, defendant alleged counsel failed to raise "such issues that Defendant was not mentally fit/stable to enter a plea of guilty."

¶ 18      "To enter a voluntary plea of guilty, a defendant must understand the nature of the proceedings against him and be competent to assist in his own defense." *People v. Shanklin*, 351 Ill. App. 3d 303, 306, 814 N.E.2d 139, 142-43 (2004); see also 725 ILCS 5/104-10 (West 2016). "Fitness speaks only to a person's ability to function within the context of a trial; a defendant may be fit to stand trial even though the defendant's mind is otherwise unsound." *People v. Griffin*, 178 Ill. 2d 65, 79, 687 N.E.2d 820, 830 (1997).

¶ 19      A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Cathey*, 2012 IL 111746, ¶ 23, 965 N.E.2d 1109. To prevail on such a claim, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496, 931 N.E.2d 1198, 1203 (2010). To establish deficient performance, the defendant must show his attorney's performance fell below an

objective standard of reasonableness. *People v. Evans*, 209 Ill. 2d 194, 219, 808 N.E.2d 939, 953 (2004) (citing *Strickland*, 466 U.S. at 687-88). "When a guilty plea is challenged on ineffective assistance grounds, the prejudice prong of *Strickland* is satisfied if a reasonable probability exists that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *People v. Miller*, 346 Ill. App. 3d 972, 982, 806 N.E.2d 759, 767 (2004). A defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18, 939 N.E.2d 310, 319 (2010).

¶ 20        We find defendant's *pro se* postconviction petition failed to raise the gist of an arguably meritorious claim of ineffective assistance of trial counsel related to counsel's failure to request a fitness hearing. At best, defendant has alleged he suffered mental health conditions and was treated through medication. Other than vague references to defendant's medical records and defense counsel's request for a continuance early on in the case for a possible fitness examination, there is nothing in the record verifying defendant's claims. Even if there were, such evidence standing alone does not help defendant. The mere fact an individual is taking psychotropic medication does not give rise to a *bona fide* doubt of fitness (see *People v. Mitchell*, 189 Ill. 2d 312, 331, 727 N.E.2d 254, 266-67 (2000)), and "a defendant may be fit to stand trial even though the defendant's mind is otherwise unsound" (*Griffin*, 178 Ill. 2d at 79). Even taking the allegations of the petition as true and liberally construing them, defendant's unsupported and speculative allegations require too great a leap to find he asserted a constitutional claim. Nothing in the record reveals (1) the nature of defendant's mental diagnosis, (2) what "mind-altering medications" defendant was or was not taking, (3) whether defendant needed the medication in order to understand the proceedings at the time of his guilty plea, and (4) whether defendant was,

in fact, on a "mental health crisis watch." Defendant's conclusory allegations of ineffectiveness are insufficient to survive first-stage postconviction review. See *People v. Delton*, 227 Ill. 2d 247, 258, 882 N.E.2d 516, 522 (2008) (stating broad conclusory allegations of ineffective assistance of counsel are not allowed under the Act). As defendant failed to demonstrate counsel's performance fell below an objective standard of reasonableness, his claim of ineffective assistance of counsel has no merit.

¶ 21    Moreover, as noted above, the Act requires that the petition include "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2016). The failure to comply with this obligation is "fatal and by itself justifies the petition's summary dismissal." *Harris*, 224 Ill. 2d at 126.

¶ 22    Here, defendant did not attach to his postconviction petition any affidavits of witnesses he might have called to testify to his condition or include any records or other evidence to support his allegations. Clearly, defendant had access to all this information from his DOC medical and mental health records. Defendant also did not explain the absence of any documents that could have corroborated his allegations, nor does he allege he was unable to obtain them. Without the pertinent records or affidavits that would support defendant's allegations of ineffective assistance of counsel, defendant is unable to establish that the "allegations are capable of objective or independent corroboration." See *Hodges*, 234 Ill. 2d at 10. Thus, we find the trial court's first stage dismissal of defendant's *pro se* postconviction petition was proper.

¶ 23                                III. CONCLUSION

¶ 24    For the reasons stated, we affirm the trial court's judgment.

¶ 25    Affirmed.