NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190628-U

NO. 4-19-0628

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 4, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ANTHONY MICHAEL DAVIS-DICKSON, | ) | No. 14CF792 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Knecht and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Because of procedural forfeitures, *res judicata*, the lack of a supporting affidavit, and facial insufficiency, the *pro se* petition for postconviction relief was subject to summary dismissal.

¶ 2     Defendant, Anthony Michael Davis-Dickson, is serving a sentence of 35 years' imprisonment for the first degree murder of Ronald Smith (see 720 ILCS 5/9-1(a)(1) (West 2014)) and 5 years' imprisonment for robbing Patrick Reed and Andrew Lawrence (see *id.* § 18-1(a)). After an unsuccessful direct appeal (*People v. Davis-Dickson*, 2018 IL App (4th) 160140-U), defendant petitioned, *pro se*, for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)). The circuit court of McLean County summarily dismissed the petition, finding it to be frivolous and patently without merit. See *id.* § 122-2.1(a)(2). Defendant appeals from the summary dismissal.

¶ 3          The Office of the State Appellate Defender was appointed to represent defendant in this appeal. An attorney from that office (appellate counsel) moves to withdraw because, as he explains in a memorandum, he can think of no reasonable argument to make in support of this appeal. We notified defendant that he had our permission to respond to appellate counsel's motion to withdraw. Defendant has not done so. The deadline for a response has passed. The motion is ripe for a ruling.

¶ 4          We grant appellate counsel's motion to withdraw from representing defendant in this appeal. We agree with appellate counsel that this appeal is not arguable. We conclude, *de novo*, that the petition for postconviction relief is frivolous and patently without merit. See *People v. Knapp*, 2020 IL 124992, ¶ 39. Therefore, we affirm the judgment.

¶ 5                                    I. BACKGROUND

¶ 6          Defendant raised six claims in his *pro se* petition for postconviction relief. Appellate counsel does a good job summarizing the six claims, so we will quote from his memorandum. Defendant claimed that:

>          "[(1)] Trial counsel was ineffective for failing to object to a detective reading a statement on the stand that was made to the detective by another witness. [Defendant] complained that the statement, which incriminated him, was not presented to the grand jury. [Citation to record.]
>
>          [(2)] Trial counsel was ineffective for failing to investigate Smith's medical issues and call a witness to give a second opinion about the cause of death, given the disagreement between the State's medical experts regarding the role his pre-existing conditions played in his death. [Citation to record.]

[(3)] Trial counsel was ineffective for failing to object to the State impeaching co-defendant Jumaud Tutwiler with his prior statements that implicated [defendant] in the offenses. [Citation to record.]

[(4)] Trial counsel was ineffective for failing to ask alleged robbery victim Andrew Lawrence if he could identify [defendant] in court as one of his attackers. Lawrence had testified that he did not think everyone in the group participated in the attack, but he never identified [defendant] as one of those people. Counsel, therefore, should have asked him if he could identify in court whom he spoke to. [Citation to record.]

[(5)] Trial counsel was ineffective for failing to object to the State's impeachment of co-defendant Willie Chambers with his own guilty plea. [Defendant] argued that the evidence of intent came from Chambers's prior statement, and [that,] without it, the State's case weakened on the issue of intent. [Citation to record.]

[(6)] The State failed to prove [defendant] guilty beyond a reasonable doubt. [Citation to record.]"

¶ 7                                    II. ANALYSIS

¶ 8                    A. The First, Third, and Fifth Claims: Procedurally
                    Forfeited for Failing to Raise Them on Direct Appeal

¶ 9        If, before bringing an action for postconviction relief, the defendant takes a direct appeal, the defendant must immediately raise all claims that the record on direct appeal would enable the defendant to raise. Claims that the defendant could have raised on direct appeal, but did

not raise, will be regarded as procedurally forfeited in a subsequent postconviction proceeding. See *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005).

¶ 10 As for the first claim in defendant's postconviction petition, the detective's reading of someone else's statement while the detective was testifying in the jury trial would have been a matter of record in the direct appeal. Defendant identifies neither the detective nor the maker of the statement (an ambiguity that puzzles both the circuit court and appellate counsel). In any event, the detective's testimony would have been in the transcript of the jury trial—a transcript that was part of the record on direct appeal.

¶ 11 Likewise, the prosecutor's impeachment of Tutwiler, referenced in the third claim, and the prosecutor's impeachment of Chambers, referenced in the fifth claim, would have been memorialized in the transcript of the jury trial.

¶ 12 Because the transcript of the jury trial was available on direct appeal, there was no apparent reason for waiting until the postconviction proceeding to raise the first, third, and fifth claims. Frivolous claims, for purposes of summary dismissal, include procedurally forfeited claims. *Id.* at 436.

¶ 13 B. The Second Claim: Unsupported by an Affidavit or Other Evidence

¶ 14 A second medical opinion on the cause of Smith's death would have been helpful to the defense only if a medical expert had been prepared to opine that the beating inflicted on Smith by defendant and his codefendants was not a cause of Smith's death. The postconviction petition lacks an affidavit to that effect by a medical expert. Section 122-2 of the Post-Conviction Hearing Act requires that the petition "have attached thereto affidavits, records, or other evidence supporting its allegations" or, alternatively, that the petition "state why the same are not attached."

725 ILCS 5/122-2 (West 2018). Noncompliance with that requirement in section 122-2 justifies a summary dismissal of the petition. *People v. Collins*, 202 Ill. 2d 59, 66 (2002).

¶ 15                    C. The Fourth Claim: Not Arguable That

Defense Counsel's Performance Was Deficient

¶ 16          For the fourth claim to avoid being characterized as frivolous, it must be "arguable." *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). Specifically, it must be "arguable" that, by refraining from asking Lawrence if he could identify defendant as one of his attackers, defense counsel "fell below an objective standard of reasonableness." (Internal quotation marks omitted.) *Id.* at 22. It was, at a minimum, reasonable of defense counsel to refrain from putting that question to Lawrence. We could easily go further: a prudent defense counsel could have been of the view that asking a question the answer to which was unpredictable would be reckless. Lawrence might have answered that, yes, as a matter of fact he could identify defendant as one of his attackers—and then the benefit of Lawrence's having not so identified defendant on direct examination would have been lost.

¶ 17                    D. The Sixth Claim: Barred by *Res Judicata*

¶ 18          Postconviction petitions that are "frivolous or *** patently without merit" are subject to being summarily dismissed. 725 ILCS 5/122-2.1(a)(2) (West 2018). "[T]he phrase 'frivolous or *** patently without merit' encompasses *res judicata*" (*Blair*, 215 Ill. 2d at 445), the principle that "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action" (internal quotation marks omitted) (*People v. Creek*, 94 Ill. 2d 526, 533 (1983)). "Collateral estoppel is a branch of *res judicata* that prohibits the relitigation of an issue actually decided in an earlier

- 5 -

proceeding between the same parties." *Richter v. Village of Oak Brook*, 2011 IL App (2d) 100114, ¶ 17. If collateral estoppel bars a defendant from reasserting a proposition that is essential to a claim in the postconviction petition, the claim is frivolous or patently without merit. See *People v. Wright*, 2013 IL App (4th) 110822, ¶¶ 30-32 (approving the summary dismissal of a postconviction petition because collateral estoppel barred the defendant's claim).

¶ 19        Collateral estoppel bars the sixth claim of defendant's postconviction petition. We already decided as follows on direct appeal: "The State proved beyond a reasonable doubt that the murder for which defendant was convicted was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty qualifying defendant for an extended-term sentence." *Davis-Dickson*, 2018 IL App (4th) 160140-U, ¶ 1. By deciding that the State proved defendant guilty of murder "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty," we necessarily decided that the State proved him guilty of murder. *Id.* Collateral estoppel, therefore, forbids a relitigation of the issue of whether defendant was proved guilty, beyond a reasonable doubt, of murdering Smith.

¶ 20                                III. CONCLUSION

¶ 21        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 22        Affirmed.